**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LISA PAGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:19-cv-03675-TSC |

**ANSWER**

The United States Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI) (together, Defendants) hereby answer Plaintiff's Complaint, ECF No. 1, as follows:

1. The allegations in the first sentence of Paragraph 1 are admitted. The allegations in the second sentence of Paragraph 1 consist of Plaintiff's characterization of her action against Defendants, to which a response is not required; but to the extent a response may be deemed to be required, it is admitted that Plaintiff brings a Privacy Act claim against Defendants, but the remaining allegations in the second sentence of Paragraph 1 are denied.

2. The allegations in the first sentence of Paragraph 2 consist of a legal conclusion and legal argument, to which a response is not required; but to the extent a response may be deemed to be required, the Privacy Act was intended to promote governmental respect for privacy as well as to promote accountability, responsibility, legislative oversight, and open government as relates to agency information systems. *See* S. Rep. No. 93-1183, at 1 (1974). The allegations in the second sentence of Paragraph 2 are denied, except to admit that agency records may in some cases contain sensitive personal information. The allegations in the third and fourth sentences of Paragraph 2

consist of legal conclusions and legal arguments, to which a response is not required; but to the extent a response may be deemed to be required, the Court respectfully refers the Court to the Privacy Act itself for a complete and accurate statement of its contents.

3.     The allegations in the first and second sentences of Paragraph 3 are denied, except to admit that DOJ obtained the text messages that were disclosed to the media on December 12, 2017 from the Office of the Inspector General (OIG), which collected the text messages as part of its review of various actions by the FBI and the DOJ in connection with the investigation into the use of a private email server by former Secretary of State Hillary Clinton. The allegations in the third sentence is Paragraph 3 are denied, except to admit that OIG had not yet issued its report, *A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election* (June 2018 OIG Report), as of December 12, 2017.

4**.**     The allegations in Paragraph 4 are denied, except to admit that, when disclosing the text messages to certain members of the press on December 12, 2017, the Department's Office of Public Affairs (OPA) did not allow members of the press to copy or remove the text messages from DOJ and that, for a brief period on December 12, 2017, OPA instructed members of the press not to identify DOJ as the source, before acknowledging the disclosure shortly thereafter.

5.     The allegations in the first and second sentences of Paragraph 5 are denied, except to admit that, in June 2018, OIG issued the June 2018 OIG Report, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. The allegations in the third sentence of Paragraph 5 are denied, except to admit that the President has made public statements regarding Plaintiff.

6.     Defendants deny the allegations in the first sentence of Paragraph 6, except to admit that OIG conducted a separate review to examine certain actions by the FBI and the DOJ during

an FBI investigation into whether individuals associated with the Donald J. Trump for President Campaign were coordinating, wittingly or unwittingly, with the Russian government, and that this review concluded in December 2019. The allegations in the second and third sentences of Paragraph 6 consist of Plaintiff's characterizations of the 568-page June 2018 OIG Report and the OIG's December 2019 478-page public report, titled *Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation* (December 2019 OIG Report), to which no response required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the June 2018 OIG Report and the December 2019 OIG Report for complete and accurate statements of their contents.

7. The allegations in Paragraph 7 consist of Plaintiff's characterization of her action and the relief sought, to which a response is not required; but to the extent a response may be deemed to be required, Defendants admit that Plaintiff has brought an action under the Privacy Act but deny that Plaintiff is entitled to the requested relief.

8. The allegations in Paragraph 8 consist of a legal conclusion concerning jurisdiction, to which a response is not required.

9. The allegations in the first sentence of Paragraph 9 consist of a legal conclusion concerning venue, to which a response is not required; but to the extent a response may be deemed to be required, the allegations are admitted. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 9 regarding Plaintiff's residence. The remainder of the third sentence of Paragraph 9 is denied, except to admit that DOJ provided the text messages to members of the press in the District of Columbia.

10. The allegations in Paragraph 10 are admitted, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Plaintiff resides and whether Plaintiff "most recently" held that position.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendants admit the allegations in the first sentence of Paragraph 14. Defendants admit the allegations in the second sentence of Paragraph 14. Defendants admit the allegation in the second sentence of Paragraph 14 that Plaintiff began serving as Special Counsel to the FBI Deputy Director in early 2016. Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegations in the second sentence of Paragraph 14. As to the allegations in the third sentence of Paragraph 14, Defendants admit that the June 2018 OIG Report described the Midyear investigation as concluding initially in July 2016 but reopening in October 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 14.

15. The allegations in the first sentence of Paragraph 15 are admitted. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 15.

16. Admitted that OIG initiated a review of allegations regarding certain actions by the DOJ and the FBI in advance of the 2016 election.

17. The allegations in the first sentence of Paragraph 17 are denied, except to admit that, on May 17, 2017, Acting Attorney General Rosenstein appointed Robert S. Mueller III to serve as Special Counsel for DOJ and authorized him to conduct the investigation confirmed by

then–FBI Director James B Comey in testimony before the House Permanent Select Committee on Intelligence on March 20, 2017. Defendants admit the allegation in the second sentence of Paragraph 17 that Plaintiff was on detail to the Special Counsel's Office in 2017. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in the second sentence of Paragraph 17. Defendants admit the allegation in the third sentence of Paragraph 17 that Plaintiff returned to the FBI following her detail. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in the third sentence of Paragraph 17.

18.     As to the allegations in the first sentence of Paragraph 18, Defendants admit that OIG's review of allegations regarding certain actions by the DOJ and the FBI in advance of the 2016 election proceeded between January 2017 and June 2018. The allegations in the second and third sentences of Paragraph 18 are admitted, except that the time period for which the text messages were requested was July 1, 2015 to November 30, 2016. The allegations in the fourth sentence are admitted. Defendants deny the remainder of the allegations in Paragraph 18.

19.     Admitted.

20.     Admitted.

21.     Defendants admit the allegations in the first and second sentences of Paragraph 21. Defendants admit the allegations in third sentence of Paragraph 21, except Defendants deny the allegation that the interview on November 29, 2017 was conducted as part of the OIG's review regarding certain actions by the DOJ and the FBI in advance of the 2016 election, which Plaintiff refers to as "OIG's Midyear review." The allegations in the fourth sentence of Paragraph 21 are admitted.

22.     As to the allegations in the first sentence of Paragraph 22, Defendants admit that on March 28, 2018, OIG announced the initiation of a review to examine the DOJ's and the FBI's

compliance with legal requirements, and with applicable DOJ and FBI policies and procedures, in applications filed with the U.S. Foreign Intelligence Surveillance Court relating to a certain U.S. person. As to the second sentence, Defendants admit that, as part of this second review, the OIG examined whether communications by some FBI employees, including Plaintiff and Mr. Strzok, that evidenced a potential bias affected investigative decisions made in Crossfire Hurricane. Defendants deny the remaining allegations in Paragraph 22.

23.   As to the allegations in the first sentence of Paragraph 23, Defendants admit that, in June 2018, the OIG concluded its review of various actions by the FBI and the DOJ in connection with the investigation into the use of a private email server by former Secretary of State Hillary Clinton, and issued the June 2018 OIG Report *See* https://oig.justice.gov/reports/2018/o1804.pdf. Defendants deny the remaining allegations in the first sentence of Paragraph 23. The allegations in the second and third sentences of Paragraph 23 consist only of Plaintiff's characterizations of the documents Plaintiff cites in Paragraph 23, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

24.   As to the allegations in the first sentence of Paragraph 24, Defendants admit that, in December 2019, the OIG issued a 478-page public report of its review to examine certain actions by the FBI and the DOJ during an FBI investigation into whether individuals associated with the Donald J. Trump for President Campaign were coordinating, wittingly or unwittingly, with the Russian government, titled *Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation.* *See* https://oig.justice.gov/reports/2019/o20012.pdf Defendants deny the remaining allegations in the first sentence of Paragraph 24. The second, third, and fourth sentences of Paragraph 24 consist only of Plaintiff's characterizations of the documents

Plaintiff cites in Paragraph 24, to which a response is not required; but to the extent a response deemed to be required, Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

25.   Defendants deny the allegations in Paragraph 25, except to admit that both the OIG's review of allegations regarding certain actions by the DOJ and the FBI in advance of the 2016 election and the Special Counsel's investigation into possible Russian interference in the 2016 presidential election were ongoing between May and December 2017 and that the Special Counsel's investigation led to criminal indictments.

26.   The allegations in the first sentence of paragraph 26 consist of Plaintiff's characterization of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the post for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentence of Paragraph 26.

27.   Defendants admit the allegation in the first sentence of Paragraph 27 that then–Attorney General Sessions recused himself from any investigations of any matters related to the 2016 presidential campaigns. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 27. Defendants admit the allegations in the second sentence of Paragraph 27 that Attorney General Sessions remained in his position until November 2018 and that the Special Counsel was appointed in May 2017. Defendants admit the allegation in the second sentence of Paragraph 27 that that DOJ disclosed the text messages in December 2017 but deny that the disclosure was unlawful. The remainder of the allegations in the second sentence of Paragraph 27 consist of Plaintiff's characterization of the

President's public statements, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to those statements for a complete and accurate statement of their contents.

28. The allegations in the first and third sentences of Paragraph 28 consist of Plaintiff's characterizations of Twitter posts of the President's, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the President's Twitter posts for a complete and accurate statement of their contents. The allegations in the second sentence of Paragraph 28 consist of Plaintiff's characterization of a July 19, 2017 New York Times article, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29. The allegations in the second sentence of Paragraph 29 consist of Plaintiff's characterizations of a July 20, 2017 New York Times article, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to that New York Times article for a complete and accurate statement of its contents.

30. Defendants deny the allegations in the first sentence of Paragraph 30, except to admit that the Office of the Special Counsel's investigation into Russian interference into the 2016 presidential election began in May 2017 and culminated in the Special Counsel's March 2019 public report. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 30.

31. Defendants admit the allegations in the first sentence of Paragraph 31 that, as of December 1, 2017, Mr. Manafort, Mr. Gates, Mr. Papadopoulos, and Mr. Flynn were facing or had admitted to criminal liability and that two had agreed to cooperate with the Special Counsel's inquiry. Defendants lack knowledge or information sufficient to form a belief as to whether any of those four individuals "had agreed to sever ties with the President." Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 32. The second sentence of Paragraph 32 is admitted.

33. The allegations in Paragraph 33 consist of Plaintiff's characterizations of the President's public statements, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the President's public statements for a complete and accurate statement of their contents.

34. The allegations in the first sentence of Paragraph 34 are denied, except to admit that the Special Counsel's investigation and OIG's review of allegations regarding certain actions by the DOJ and the FBI in advance of the 2016 election were ongoing in the second half of 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 34. The allegations in the third sentence of Paragraph 34 are admitted.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Admitted.

37.     The allegations in Paragraph 37 consist of Plaintiff's characterization of a December 2, 2017 Washington Post article, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents.

38.     The allegations in Paragraph 38 consist of Plaintiff's characterization of the Twitter post Plaintiff cites, to which a response is not required; but to the extent a response may be deemed to be required, Defendants respectfully refer the Court to the post for a complete and accurate statement of its contents.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     The allegations in the first sentence of Paragraph 40 are denied, except to admit that the New York Times and the Washington Post published articles regarding the text messages on December 2, 2017, and that congressional committees requested the text messages from the Department. Defendants deny the allegations in the second sentence of Paragraph 40, except to admit that Congress requested additional text messages exchanged between Plaintiff and Mr. Strzok other than the ones the Department disclosed to Congress and to the media on December 12, 2017.

41.     The allegations in the first sentence of Paragraph 41 are admitted. The allegations in the second sentence Paragraph 42 consist of legal conclusions to which a response is not required.

42.     The allegations in the first and second sentences of Paragraph 42 are denied, except to admit that the 375 text messages disclosed to the news media on December 12, 2017 were contained in a 90-page PDF document. The allegations in the third sentence of Paragraph 42 are

denied except to admit that OIG interviewed Plaintiff in September 2017. Defendants deny the allegations in the fourth sentence of Paragraph 42.

43. The allegations in the first and second sentences of Paragraph 43 are denied, except to admit that ODAG received from OIG a document containing 375 text messages that were considered to be political in nature, and that OIG released the June 2018 OIG Report on June 14, 2018. The allegations in the third sentence of Paragraph 43 are denied except to admit that then–Deputy Attorney General Rosenstein was scheduled to testify before the House Judiciary Committee on December 13, 2017 and that there was no basis to withhold the text messages from the congressional committees that had requested them.

44. Denied.

45. The allegations in the first sentence of Paragraph 45 are denied, except to admit that, on December 12, 2017, DOJ officials within OPA, including Ms. Isgur, allowed members of the press to review the text messages at DOJ and that then–Deputy Attorney General Rosenstein was scheduled to testify before the House Judiciary Committee on December 13, 2017. The allegations in the second sentence of Paragraph 45 are admitted. The allegations in the third sentence of Paragraph 45 are denied, except to admit that the members of the press were not permitted to remove or copy the text messages and that for a brief period on December 12, 2017, OPA instructed members of the press not to identify DOJ as the source, before acknowledging the disclosure shortly thereafter.

46. Admitted.

47. Denied.

48. The allegations in the first sentence of Paragraph 48 are admitted. The allegations in the second sentence of Paragraph 48 consist of legal conclusions, to which a response is not

required. The allegations in the third sentence of Paragraph 48 are denied, except to admit that the Department disclosed the text message to members of the press after business hours on December 12, 2017 and that certain members of congressional staff were not available to receive the text messages on that date.

49. The allegations in Paragraph 49 are denied, except to admit that DOJ disclosed the text messages to members of the press on December 12, 2017 and that then–Deputy Attorney General Rosenstein's upcoming testimony on December 13, 2017 was the reason for the timing of the disclosure.

50. The allegations in Paragraph 50 are denied, except to admit that news outlets reported on the text messages after business hours on December 12, 2017.

51. Denied.

52. The allegations in Paragraph 52 are denied, except to admit that members of the press reviewed the text messages after 5:00 p.m.

53. Admitted.

54. The allegations in Paragraph 54 are denied, except to admit that for a brief period on December 12, 2017, OPA instructed members of the press not to identify DOJ as the source, before acknowledging the disclosure shortly thereafter.

55. Denied.

56. Denied.

57. The allegations in the first sentence of Paragraph 57 are denied, except to admit that DOJ disclosed the text messages to certain members of the press on December 12, 2017. The allegations in the second sentence of Paragraph 57 are admitted; however Defendants respectfully

refer the Court to then–Deputy Attorney General Rosenstein's testimony for a complete and accurate statement of its contents.

58.     The allegations in Paragraph 58 are admitted; however Defendants respectfully refer the Court to Ms. Isgur's full Twitter post for a complete and accurate statement of its contents

59.     Denied.

60.     Admitted.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 61; however, Defendants deny the allegations to the degree they are construed to suggest Defendants were responsible for any of the post-December 12, 2017 disclosures to the media described in Paragraph 61. The allegations in the fourth sentence of Paragraph 61 consist of Plaintiff's reservation of rights, to which a response is not required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff would be entitled to relief based on the disclosures described in Paragraph 61.

62.     The allegations in the first and fifth sentences of Paragraph 62 consist of legal conclusions, to which a response is not required. As to the second, third, and fourth sentences of Paragraph 62, Defendants admit that the FBI maintains the Enterprise Security Operations Center system, which may collect text messages sent to or from FBI-issued mobile devices, and that such text messages may be retrieved in certain circumstances using the telephone numbers of those devices.

63.     The allegations in the first sentence Paragraph 63 consist of legal conclusions to which a response is not required. Defendants admit that the second and third sentences of Paragraph 63 quote language contained in the Federal Register. The remaining allegations in the

second and third sentences of Paragraph 63 consist of legal conclusions, to which a response is not required.

64.     The allegations in Paragraph 64 consist of legal conclusions to which a response is not required.

65.     The allegations in the first and fourth sentences Paragraph 65 consist of legal conclusions to which a response is not required. Defendants deny the allegations in the second sentence of Paragraph 65, except to admit that DOJ officials requested and obtained copies of the 375 of the text messages from OIG before releasing them to the news media, and that, as of December 12, 2017, OIG had not yet issued the June 2018 OIG Report. Defendants deny the allegations in the third sentence of Paragraph 65, except to admit that the Inspector General issued a statement on December 15, 2017 that contains the quoted language, though without Plaintiff's added emphasis.

66.     The allegations in Paragraph 66 consist of legal conclusions to which a response is not required.

67.     Denied.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     Admitted.

70.     Admitted.

71.     The allegations in the first sentence of Paragraph 71 are denied, except to admit that OIG released its public June 2018 OIG Report on June 14, 2018. The allegations in the second sentence of Paragraph 71 consist of Plaintiff's characterization of the June 2018 OIG Report, to which a response is not required; to the extent a response may be deemed to be required,

Defendants respectfully refer the Court to the June 2018 OIG Report for a complete and accurate statement of its contents.

72. As to the allegations in Paragraph 72, Defendants admit that Plaintiff cooperated to a certain extent with DOJ and FBI investigations following her resignation and the conclusion of OIG's review of various actions by the FBI and the DOJ in connection with the investigation into the use of a private email server by former Secretary of State Hillary Clinton. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72.

73. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 73.

74. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 74.

75. Admitted.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 77.

78. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 78.

79. Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 79. The allegations in the second sentence of Paragraph 79 are denied, except to admit that Plaintiff has reproduced a Twitter post of the President's dated December 2, 2019.

80. Denied.

81. With respect to the allegations in Paragraph 81, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

82. The allegations in Paragraph 82 consist of legal conclusions to which a response is not required.

83. The allegations in Paragraph 83 consist of legal conclusions, to which a response is not required.

84. The allegations in the first sentence of Paragraph 84 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed to be required, are denied. The allegations in the second sentence of Paragraph 84 are denied, except to admit that the Department disclosed the text messages to members of the press on December 12, 2017. The allegations in the third and fourth sentences of Paragraph 84 are admitted. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fifth sentence of Paragraph 84.

85. The allegations in the first sentence of Paragraph 85 are denied. The allegations in the second and third sentences of Paragraph 85 consist of legal conclusions to which a response is not required; but to the extent it may be deemed that a response may be required, the allegations are denied.

86. Denied.

87. Denied.

88. Denied.

89. The allegations in Paragraph 89 consist of Plaintiff's characterization of her action and the relief sought, to which a response is not required; but to the extent a response may be

deemed to be required, Defendants admit that Plaintiff has brought an action under the Privacy Act but deny that Plaintiff is entitled to the requested relief.

## REQUEST FOR RELIEF

This portion of the Complaint consists of Plaintiff's request for relief, to which a response is not required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

## JURY DEMAND

Admitted that Plaintiff has requested a jury trial.

\*   \*   \*

Each and every allegation of the Complaint not expressly responded to above is hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Privacy Act claim is precluded by one or more routine use exceptions.

2. Plaintiff has failed to mitigate any potential damages.

Dated: March 13, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
GRACE X. ZHOU
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0878

Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*