**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LISA PAGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 1:19-cv-03675-TSC |

**NOTICE OF FILING OF MOTION TO CONSOLIDATE**

PLEASE TAKE NOTICE that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Civil Rule 40.5(d), Defendants have moved to consolidate the instant case with *Strzok v. Barr*, No. 19-cv-2367-ABJ (D.D.C.). *See* L. Cv. R. 40.5(d) ("Motions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned."). The motion for consolidation is attached as Exhibit 1 to this Notice.

Dated: March 13, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
GRACE X. ZHOU
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0878

E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*

*Page v. U.S. Department of Justice*, **No. 19-cv-03675-TSC (D.D.C.)**

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK,<br><br>        Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL WILLIAM F.<br>BARR, in his official capacity, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-02367-ABJ |
| LISA PAGE,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-03675-TSC |

## MOTION TO CONSOLIDATE

The government respectfully moves pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Civil Rule 40.5(d) to consolidate before this Court *Strzok v. Barr*, No. 1:19-cv-02367-ABJ (*Strzok*), and *Page v. U.S. Department of Justice*, No. 1:19-03675-TSC (*Page*), for all purposes. In both cases, Plaintiffs raise an identical claim under the Privacy Act based on the Department of Justice's (DOJ) disclosure of certain text messages exchanged between the Plaintiffs to the news media on December 12, 2017, and the *Page* case includes no other claims. Consolidation would thus serve the interests of judicial economy and eliminate the risk of

inconsistent judgments. Additionally, because both actions are at an early stage of litigation, consolidation of these actions will not result in prejudice to either Plaintiff.

Counsel for the government contacted Plaintiff's counsel in the *Page* case regarding this motion, who stated that Plaintiff has filed the appropriate notices identifying related cases to enable the Court to consider potential transfer or reassignment based on relatedness. Plaintiff believes the judicial assignment of the case is a matter for the Court's discretion and takes no position on that issue, though Plaintiff reserves the right to file a response after seeing Defendants' motion.

Counsel for the government also contacted Plaintiff's counsel in the *Strzok* case on the morning of March 13, 2020, but government counsel has not yet received a response indicating Plaintiff's position with respect to this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Peter Strzok filed his action on August 6, 2019. *See Strzok*, Compl., ECF No. 1 (D.D.C.). Mr. Strzok alleges a violation of the Privacy Act based on DOJ's disclosure of certain text messages he exchanged with Ms. Page to the news media on December 12, 2017. *Id.* ¶¶ 78-82. He also claims that the government violated the Privacy Act by allegedly leaking information regarding the text messages to the news media on or around December 2, 2017, *see id.*, and that the government allegedly violated his First and Fifth Amendment rights when he was removed from his position at the Federal Bureau of Investigation, *see id.* ¶¶ 71-77. On November 18, 2019, the government moved to dismiss or, in the alternative, for summary judgment in the *Strzok* case with respect to all Plaintiff's claims, including his Privacy Act claim based on DOJ's December 12, 2017 disclosure. *See Strzok*, Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 30 (D.D.C.) (*Strzok* Mot.). Briefing on the government's motion is now complete, but a hearing has not been scheduled.

In the *Page* case, filed on December 10, 2019, Ms. Page's complaint contains a single claim challenging the same December 12, 2017 disclosure to the news media. *See Page*, Compl., ECF No. 1, ¶¶ 81-89. Pursuant to Local Civil Rule 40.5(b), Ms. Page designated her case as related to the *Strzok* case, as well as to an earlier-filed Freedom of Information Act (FOIA) case brought by a third-party seeking communications "concerning DOJ's decision to invite reports to DOJ on December 12, 2017, to share with them private text messages from [Mr. Strzok and Ms. Page]," *Citizens for Responsibility and Ethics in Washington v. U.S. Department of Justice*, No. 1:18-cv-00007-TSC, Compl., ECF No. 1, ¶ 1 (D.D.C. filed Jan. 3, 2018) (*CREW v. DOJ*). Briefing in *CREW v. DOJ* on the withholdings in the government's production is complete and the parties are awaiting a decision. It appears that, because *CREW v. DOJ* is the first-filed of the two cases Ms. Page designated as related, the Clerk assigned the *Page* case to Judge Chutkan under Local Civil Rule 40.5(c).

The government filed its response to Ms. Page's complaint on March 13, 2020. *See Page*, ECF No. 15. The government has also moved for summary judgment in the *Page* case, *see Page*, ECF No. 14, and that motion makes nearly identical Privacy Act arguments to the ones the government made in its motion in the *Strzok* case, *see generally id.*; *Strzok* Mot. at 34-43; *Strzok*, Mem. in Reply in Support of Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. at 21-30, ECF Nos. 38.

## DISCUSSION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "a district court has authority to order consolidation when actions involving 'a common question of law or fact' are pending before the court. Consolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court, which may consolidate related cases[.]" *Nat'l Ass'n of*

3

*Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). This Court's Local Civil Rules, moreover, provide that "[m]otions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned." L Civ. R. 40.5(d).

Here, as noted above, the Clerk assigned the *Page* case to Judge Chutkan, presumably because Judge Chutkan is presiding over to the first-filed of the two cases Ms. Page designated as related to her case, *CREW v. DOJ*. The government respectfully submits that the *Page* case should be reassigned to this Court, because the common questions of law and fact in *Page* align much more closely with the *Strzok* case than with *CREW v. DOJ*—a FOIA action where the legal dispute centers on whether the government conducted an adequate search in response to CREW's FOIA request, and whether the government properly treated distinct text messages and emails as separate records. *See CREW v. DOJ*, No. 1:18-cv-00007-TSC, Pl.'s Mot. for Partial Summ. J., ECF 27, (D.D.C.). The *Page* case contains no FOIA claim. Rather, the only claim in Ms. Page's complaint is a Privacy Act claim arising out of DOJ's December 12, 2017 disclosure of text messages she exchanged with Mr. Strzok. *See Page*, Compl. ¶¶ 82-89. Mr. Strzok raises the same claim in Count Three of his Complaint. *See Strzok*, Compl. ¶¶ 78-82. Thus, both cases present the same Privacy Act arguments based on the same set of facts, even though the *Strzok* case presents additional claims based on his dismissal from the Federal Bureau of Investigation and an additional alleged violation of the Privacy Act.

Because both cases assert an identical legal claim based on the same disclosure—and because the *Page* case does not involve any additional claims—consolidation of these actions before one judge will avoid duplicative review of this issue and thus serves the interest of judicial economy. *See Judicial Watch v. Department of Energy,* 207 F.R.D. 8, 8-9 (D.D.C. 2002)

4

(consolidating two FOIA actions brought by different plaintiffs in the interest of judicial economy); *Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000) (consolidating two actions brought by different plaintiffs because they both challenged essentially the same agency action). In both cases, the government has moved for summary judgment with respect to Plaintiffs' Privacy Act claims, and both motions present the same legal questions and rely on the same evidence. Consolidation for all purposes would therefore conserve judicial resources, by requiring only one judge to consider the parties' arguments. On the other hand, if the two cases proceed without consolidation, two different judges of this Court would need to address the same arguments, resulting in duplicative effort and raising the a risk of inconsistent rulings on identical claims.

Further, although the government believes it is entitled to summary judgment on Plaintiffs' Privacy Act claims, if the government does not prevail and the cases proceed separately to discovery, the cases would likely involve duplicative discovery, and two different judges would be required to rule on any discovery disputes between the parties. Such an approach would also risk inconsistent discovery rulings and would impose additional, unnecessary burdens on the government. *See Chang v. United States,* 217 F.R.D. 262, 266 (D.D.C. 2003) ("Far from rendering this litigation more unwieldly, consolidation would increase efficiently by reducing the possibility of duplicative discovery . . . . "). And, if the cases were to proceed to trial, two different judges would be required to preside over separate trials over the same factual questions, resulting in a significant waste of judicial resources.

Consolidation of these cases, moreover, will not result in any prejudice to the Plaintiffs. Although Mr. Strzok filed his case several months earlier than Ms. Page, the two cases are on similar trajectories, and modest differences in timing do not bar consolidation, *see, e.g.*, *Blasko v.*

5

*Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 16 (D.D.C. 2007); *see also Nat'l Ass'n of Mortg. Brokers*, 2011 WL 941609 at *2 (explaining that courts should weigh the risk of prejudice posed by consolidation against risk of inconsistent rulings and increased burdens posed by separate proceedings). The government moved to dismiss or, in the alternative, for summary judgment in the *Strzok* case on November 18, 2019, and briefing was complete on January 31, 2020. The government has similarly moved for summary judgment in the *Page* case, and briefing is scheduled to be complete on or around April 17, 2020. Neither Plaintiff has indicated an immediate need for final resolution of the litigation or suggested that a modest delay would be intolerable. Accordingly, any delay to either Plaintiff as a result of consolidation would not outweigh the benefits of consolidation. *See Hanson v. District of Columbia*, 257 F.R.D. 19, 23 (D.D.C. 2009) (holding that a slight delay in proceedings caused by consolidation does not amount to sufficient prejudice to disfavor consolidation); *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 16 (D.D.C. 2007) (same).

## CONCLUSION

For the foregoing reasons, the government respectfully asks the Court to consolidate the *Page* case with the *Strzok* case for all purposes.

Dated: March 13, 2020  Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
GRACE X. ZHOU
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.

6

Washington, D.C. 20005
Tel.: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*