UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-cv-3675 (ABJ) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO DENY OR DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(d)**

Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff Lisa Page respectfully requests that this court grant her motion to deny or defer consideration of Defendants' motion for summary judgment. Counsel for Plaintiff contacted counsel for the government, who stated that Defendants oppose this motion.

**BACKGROUND**

On December 10, 2019, Ms. Page filed a lawsuit asserting that Defendants Department of Justice ("DOJ" or the "Department") and Federal Bureau of Investigation ("FBI") violated the Privacy Act by disclosing records about her to members of the news media on December 12, 2017 (the "December 12 disclosure"). On March 13, 2020, the same day they answered the complaint, Defendants moved for summary judgment based on defenses that (a) the disclosure was allegedly covered by the Privacy Act's "routine use" exception, and (b) the violation was allegedly not willful or intentional. To date, no discovery has occurred. Specifically, the parties have not yet held a Rule 26(f) conference, exchanged initial disclosures, or served or responded to any requests

for admissions, interrogatories, or requests for the production of documents. No depositions have been held.

**ARGUMENT**

This Court should deny or defer consideration of Defendants' motion for summary judgment because no discovery has yet occurred and Plaintiff is entitled to relief under Federal Rule of Civil Procedure 56(d). Under Rule 56(d), if a litigant against whom summary judgment is sought "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). This mechanism enables "nonmovants who lack the facts they need to seek an opportunity to gather more information before responding to a motion for summary judgment." *Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015).

A party seeking relief under Rule 56(d) must submit a declaration that satisfies the three factors set forth in *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012). Specifically, a Rule 56(d) declaration "must: (1) 'outline the particular facts [the party] intends to discover and why those facts are necessary to the litigation'; (2) explain why the party has not been able to produce the facts; and (3) demonstrate that the information sought is, in fact, discoverable." *Fed. Energy Regulatory Comm'n v. City Power Mktg., LLC*, 235 F. Supp. 3d 152, 155 (D.C. Cir. 2019) (quoting *Convertino*, 684 F.3d 93 at 99–100). *Convertino*, like this case, involved allegations that DOJ had violated the Privacy Act by leaking information about a former employee—specifically, information relating to a professional misconduct investigation by DOJ's Office of Professional Responsibility—to the press. 684 F.3d at 96–97, 101. Convertino sought additional discovery because he "d[id] not know the identity of the individual(s) who disclosed

information regarding the OPR referral," and thus "c[ould not] show that the disclosure was 'intentional or willful.'" *Id.* at 99. Relying on the affidavit of Convertino's counsel, the court held that Convertino had satisfied all three factors and granted relief. *Id.* at 100–01.

The attached declaration from Ms. Page's attorney, Amy Jeffress, satisfies all three of the *Convertino* factors.

*First*, the declaration outlines the particular facts that Ms. Page intends to discover and why those facts are necessary to the litigation. *See* Jeffress Decl. ¶ 6 (listing essential facts to which Ms. Page lacks access); *id.* ¶ 7 (explaining that "[e]ach of these facts is material to either the analysis of the 'routine use' exception upon which Defendants rely, the determination of whether Defendants acted willfully or intentionally in violating Ms. Page's rights under the Privacy Act, or both").

*Second*, the declaration explains why Ms. Page has not been able to produce these facts. In particular, the declaration states that: (1) Defendants moved for summary judgment before any discovery had been taken in this case, *id.* ¶¶ 2–5; (2) at this time, Defendants have not agreed to Ms. Page's request to schedule a Rule 26(f) conference so that discovery may proceed, *id.* ¶ 4; and (3) publicly available sources, including Defendants' own declarations, suggest that the vast majority of relevant evidence is within Defendants' exclusive knowledge and control, *id.* ¶ 9. In particular, Ms. Page seeks depositions of each of the current or former DOJ officials from whom Defendants have submitted declarations in support of their motion for summary judgment; depositions of other key officials as reflected in Defendants' declarations, FOIA documents, and other sources, including former Associate Deputy Attorney General Scott Schools, former DOJ Director of Public Affairs Sarah Isgur Flores, and other senior officials who were involved in making the relevant decisions; and other documents related to the December 12 disclosure from

custodians within both DOJ and FBI, including the internal Privacy Act assessment upon which Defendants rely and correspondence between DOJ and/or FBI employees involved in the December 12 disclosure, as well as correspondence with White House officials who were involved in the decisions. *Id.* ¶ 8.

*Third*, the declaration demonstrates that the information sought is, in fact, discoverable. As the declaration explains, some of the key officials from whom Ms. Page will seek discovery have already appeared as declarants in this litigation, and counsel is not aware of any reason that Ms. Page could not seek to depose other current or former DOJ and FBI officials or to obtain information from Defendants via discovery requests. *Id.* ¶ 10.

Discovery is warranted here. Where the non-moving party submits a sufficient Rule 56(d) declaration, the request "should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Convertino*, 684 F.3d at 99 (quoting *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995)). As the declaration shows, Ms. Page has acted diligently in seeking to proceed with discovery. The Local Rules exempted this case from discovery obligations until March 13, 2020, when Defendants filed an answer to the complaint. *See* L.R. 16.3(b) ("The requirements of this Rule and of Fed. R. Civ. P. 16(b) and 26(f), shall not apply in cases in which no answer has yet been filed."). After Defendants answered, Plaintiff's counsel promptly contacted counsel for the government to request a Rule 26(f) conference. Jeffress Decl. ¶ 4. Government counsel advised that Defendants' position is that "a Rule 26(f) conference would be premature at this point" and "the case should be resolved without discovery for the reasons stated in the motion for summary judgment." *Id.* In light of the early stage of the proceedings and the steps Ms. Page has taken to pursue discovery so far, this Court should grant Rule 56(d) relief. *Id.*

Courts routinely grant Rule 56(d) requests in similar circumstances. In *Feldman v. CIA*, for example, the court held that a plaintiff who alleged that the CIA had "committed various improper disclosures . . . by leaking details of [a CIA] OIG investigation [of plaintiff] to unauthorized third parties" was "entitled to conduct discovery before being required to oppose the defendant's motion for summary judgment." 797 F. Supp. 2d 29, 35, 43 (D.D.C. 2011); *see also Fields v. Vilsack*, 207 F. Supp. 3d 80, 89–90 (D.D.C. 2016) (denying government's motion for summary judgment and granting Rule 56(d) request where there was "no evidence of a lack of diligence" and the plaintiff had "complied with the 'letter' and 'spirit' of Rule 56(d) by submitting a detailed declaration outlining the specific discovery she seeks"). Conversely, none of the grounds upon which courts typically deny Rule 56(d) requests are applicable here.[1] Courts have recognized that, as a general matter, "summary judgment can and should regularly be denied when the facts necessary to oppose such a motion are exclusively within the movant's control." *Alexander*, 186 F.R.D. at 184.

The fact that Ms. Page already has some fragments of information about the December 12 disclosure through public news reports and FOIA releases does not diminish the presumption in favor of granting Rule 56(d) relief. For example, in the *City Power* case, the court granted a Rule 56(d) request even though "some discovery [had] occurred during [an] administrative proceeding"

---

[1] *See, e.g.*, *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 530-31 (D.C. Cir. 2019) (two-page Rule 56(d) declaration that "said nothing about why those facts were necessary" was inadequate) (internal quotation marks and alteration omitted); *Alexander v. F.B.I.*, 186 F.R.D. 180, 184-85 (D.D.C. 1999) (plaintiffs had already had access to extensive discovery and "merely guess[ed]" that "they may be able to create a genuine issue of material fact" if they had access to facts within the government's control); *Peter B. v. Cent. Intelligence Agency*, 174 F. Supp. 3d 308, 319 (D.D.C. 2016) (plaintiff "ha[d] not pointed to anything that raises an issue of fact regarding his claim"); *Radack v. U.S. Dep't of Justice*, 402 F. Supp. 2d 99, 107 n.9 (D.D.C. 2005) (plaintiff "ha[d] not identified, or even speculated about the existence of, any alternate source of information that might refute DOJ's assertion").

because the party resisting summary judgment "still ha[d] not had a 'full opportunity' for discovery." *Fed. Energy Regulatory Comm'n v. City Power Mktg., LLC*, 235 F. Supp. 3d 152, 156 (D.D.C. 2017); *see also Richie v. Vilsack*, 287 F.R.D. 103, 107 (D.D.C. 2012) (granting Rule 56(d) relief despite defendant agency's provision of "some information at the administrative level" because plaintiff "had no opportunity to depose the relevant individuals or obtain additional documents in the agency's possession"). Similarly here, the government cannot overcome Rule 56(d) on the basis that a modicum of information is available through its FOIA releases. The limited material the government has released under FOIA is both underinclusive as to the discovery Ms. Page seeks, *see* Jeffress Decl. ¶¶ 6, 8, 13, and so heavily redacted as to make parts of it nearly incomprehensible, *id.* ¶ 13. Before responding to the government's summary judgment motion, Ms. Page is entitled to a "full opportunity" for discovery—including depositions of the government's declarants, unredacted copies of relevant documents, and the ability to seek additional relevant documents.

## CONCLUSION

This Court should grant Ms. Page's motion to deny or defer consideration of Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).

Dated: April 3, 2020                                Respectfully submitted,

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar No. 449258)
Robert J. Katerberg (D.C. Bar No. 466325)
Kaitlin Konkel (D.C. Bar No. 1021109)
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Plaintiff Lisa Page*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA PAGE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 19-cv-3675 (ABJ) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DECLARATION OF AMY JEFFRESS PURSUANT TO RULE 56(d) AND
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

I, Amy Jeffress, hereby declare:

1. I am a partner with Arnold & Porter Kaye Scholer LLP. I represent Plaintiff Lisa Page in this case and have appeared on her behalf. This declaration is based on my personal knowledge and on information that has become available to me in the course of this representation. If called to testify, I could and would testify competently to the statements in this declaration.

2. In this action, Ms. Page brings a claim for violation of the Privacy Act based on Defendants' December 12, 2017, disclosure of records about her to members of the news media. On March 13, 2020, the same day they answered the complaint, Defendants moved for summary judgment based on defenses that (a) the disclosure was allegedly covered by the Privacy Act's "routine use" exception, and (b) the violation was allegedly not willful or intentional. This declaration is filed in support of Ms. Page's request under Federal Rule of Civil Procedure 56(d) that this Court deny or defer consideration of Defendants' motion for summary judgment because Ms. Page has not yet had the opportunity to take discovery. This declaration also attaches certain documents upon which Ms. Page relies in her opposition to Defendants' motion.

3. The complaint in this matter was filed on December 10, 2019. To date, no discovery has occurred. Specifically, the parties have not yet held a Rule 26(f) conference, exchanged initial disclosures, or served or responded to any requests for admissions, interrogatories, or requests for the production of documents. No depositions have been held.

4. Because the government filed an answer in this case on March 13, 2020, it is my understanding that under Local Rule 16.3(b), discovery may now proceed. Thus, on Thursday, March 26, I sent an email message to government counsel requesting a date for the Rule 26(f) conference. Defendants' counsel advised that Defendants' position is that "a Rule 26(f) conference would be premature at this point" and "the case should be resolved without discovery for the reasons stated in the motion for summary judgment."

*Specific facts Ms. Page intends to discover, why those facts are necessary to the litigation, and discoverability of the information*

5. As noted, on March 13, 2020, Defendants filed a motion for summary judgment based on the routine use defense and their alleged lack of willfulness in disclosing records about Ms. Page. The motion is predicated entirely on declarations by three individuals who were involved in or have knowledge of the December 12 disclosure: former Deputy Attorney General Rod Rosenstein, Assistant Attorney General for Legislative Affairs Stephen Boyd, and Director of the Office of Privacy and Civil Liberties Peter Winn. Defendants did not provide any corroborating documentary evidence with these declarations. Ms. Page has not had the opportunity to seek discovery of Defendants' declarants' files or take their depositions.

6. Despite diligent efforts to develop and present the facts necessary to respond to Defendants' motion for summary judgment, Ms. Page lacks access to essential facts. These facts include the following:

a. the identities and roles of all of the Department of Justice ("DOJ") and/or Federal Bureau of Investigation ("FBI") officials involved in the December 12 disclosure;

b. the knowledge and motives of each official who played a significant role;

c. whether Defendants disclosed the records from the DOJ Office of the Inspector General ("OIG") Investigative Records System, another system of records, or multiple systems of records;

d. the purposes for which the records were disclosed;

e. whether Defendants conducted the purported Privacy Act analysis in advance of disclosing the text messages to the media;

f. the facts and assumptions that the requesting officials provided Mr. Winn in soliciting the purported Privacy Act analysis;

g. the content of Defendants' purported Privacy Act analysis;

h. the reasons for Defendants' divergence from normal practice in disclosing the messages to reporters on December 12;

i. the reasons for Defendants' divergence from normal practice in producing the messages to congressional committees on December 12; and

j. the credibility of Defendants' declarants.

7. Each of these facts is material to either the analysis of the "routine use" exception upon which Defendants rely, the determination of whether Defendants acted willfully or intentionally in violating Ms. Page's rights under the Privacy Act, or both.

8. Ms. Page intends to seek discovery from sources that include, but are not limited to, the following:

    a. depositions of each of the current or former DOJ officials from whom Defendants have submitted declarations;

    b. depositions of other key officials as reflected in Defendants' declarations, FOIA documents, and other sources, including former Associate Deputy Attorney General Scott Schools, former DOJ Director of Public Affairs Sarah Isgur Flores, and other senior officials who were involved in making the relevant decisions;

    c. relevant documents from any declarant prior to the deposition; and

    d. other documents related to the December 12 disclosure from custodians within both DOJ and FBI, including the internal Privacy Act assessment upon which Defendants rely and correspondence between DOJ and/or FBI employees involved in the December 12 disclosure, as well as correspondence with White House officials who were involved in or informed of the decisions.

9. The publicly available documents we have reviewed to date, including Defendants' own declarations, suggest that the vast majority of relevant evidence is within Defendants' exclusive knowledge and control. Thus, in the absence of discovery, Ms. Page will not have access to critical facts.

10. To the best of my knowledge and belief, this information is discoverable. Indeed, some of the key officials from whom Ms. Page will seek discovery have already appeared as declarants in this litigation. I am not aware of any reason that Ms. Page could not seek to depose other current or former DOJ and FBI officials or to obtain information from Defendants via discovery requests.

11. Our team has identified and reviewed a limited set of documents in the public domain, including: publicly available documents produced by DOJ in response to FOIA requests;

reports and press releases issued by OIG; news articles, tweets, and other online sources relating to Ms. Page and the disclosure of the text messages; documents filed in *Strzok v. Barr*, No. 19-cv-2367 (ABJ); and the declarations attached to Defendants' motion for summary judgment.

12. Many of these documents are associated with a FOIA lawsuit filed on January 3, 2018, by Citizens for Responsibility and Ethics in Washington ("CREW"), to which this case is related. *See Citizens for Responsibility and Ethics v. U.S. Dep't of Justice*, No. 18-cv-0007 (TSC). That suit "challenges the failure of [DOJ] to disclose to CREW communications concerning DOJ's decision to invite reporters to DOJ on December 12, 2017, to share with them private text messages from [Ms. Page and Mr. Strzok]." *Id.*, First. Am. Compl., ECF No. 4, ¶ 1 (D.D.C. filed Jan. 16, 2018). Based on the court docket and other sources, it is my understanding that, following the filing of CREW's suit, DOJ produced various responsive records to CREW. Both DOJ and CREW have posted documents from those productions on their websites. *See* U.S. Dep't of Justice, https://www.justice.gov/file/1223146/download (the "CREW FOIA documents");[1] CREW Requests DOJ Records on Release of Strzok and Page Texts, *Citizens for Responsibility & Ethics in Wash.*, Dec. 13, 2017, https://www.citizensforethics.org/foia/expedited-foia-request-department-justice-office-inspector-general-office-information-policy-fbi-leak/.

13. Because the CREW FOIA documents relate specifically to the December 12 disclosure, they are highly relevant to Ms. Page's Privacy Act claims. They are heavily redacted,

---

[1] To access this file from DOJ's "FOIA Library" for the Office of Information Policy, visit https://www.justice.gov/oip/available-documents-oip; navigate to section "FOIA-Processed Documents," subsection "General Topics of Interest," and category "Records Concerning Sharing of the Content of Text Messages between FBI Agents Peter Strzok and Lisa Page"; and click the link titled "Interim (January 3, 2017 – January 4, 2018)."

however, and do not include multiple categories of documents Ms. Page intends to seek in discovery. Thus, the CREW FOIA documents and other limited information Ms. Page has been able to review are no substitute for access to the full discovery tools provided by the Federal Rules of Civil Procedure.

*Attached exhibits*

14. Ms. Page relies on certain of the CREW FOIA documents in her opposition to Defendants' motion for summary judgment. Those documents are attached to this declaration as follows.

15. Attached as Exhibit A is a true and correct copy of text messages between Sarah Isgur Flores and Wall Street Journal reporter Brent Kendall from December 12, 2017, retrieved from pages 543–44 of the CREW FOIA documents (see paragraph 12 and footnote 1 of this declaration for the location of the CREW FOIA documents).

16. Attached as Exhibit B is a true and correct copy of text messages between Sarah Isgur Flores and CBS reporter Paula Reid from December 12, 2017, retrieved from pages 579–81 of the CREW FOIA documents.

17. Attached as Exhibit C is a true and correct copy of email messages between Sarah Isgur Flores and Buzzfeed reporter Zoe Tillman on December 13, 2017, retrieved from pages 32–33 of the CREW FOIA documents.

18. Attached as Exhibit D is a true and correct copy of email messages between Sarah Isgur Flores and Reuters reporter Mark Hosenball on December 14, 2017, retrieved from pages 29–30, 103–4, 109, and 593 of the CREW FOIA documents.

19. Attached as Exhibit E is a true and correct copy of email messages between Jason Foster, Chief Investigative Counsel for the House Judiciary Committee, and Deputy Assistant

Attorney General David Lasseter from the DOJ Office of Legislative Affairs on December 12 and 13, 2017, retrieved from pages 7–10 and 600 of the CREW FOIA documents.

20. Attached as Exhibit F is a true and correct copy of email messages between Peter Winn, Director of the DOJ Office of Privacy and Civil Liberties; Scott Schools from the DOJ Office of the Deputy Attorney General; and other OPCL officials between December 12, 2017, and January 4, 2018, retrieved from pages 221–28 and 230 of the CREW FOIA documents.

21. Attached as Exhibit G are true and correct copies of pages iii, 3, 149, and 398 of the OIG's June 2018 report, *A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election*, retrieved from https://www.justice.gov/file/1071991/downloadOIG.

22. Attached as Exhibit H is a true and correct copy of a press release published by OIG on December 15, 2017, retrieved from https://oig.justice.gov/press/2017/2017-12-15.pdf.

23. Attached as Exhibit I are true and correct copies of pages 37 and 63 of the transcript of DAG Rod Rosenstein's testimony before the House Committee on the Judiciary on December 13, 2017, retrieved from https://www.govinfo.gov/content/pkg/CHRG-115hhrg32476/pdf/CHRG-115hhrg32476.pdf.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2020

Amy Jeffress

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA PAGE,<br><br>   *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>   *Defendants*. | Civil Action No. 19-cv-3675 (ABJ) |

# [PROPOSED] ORDER

Upon consideration of Defendants' Motion for Summary Judgment, Plaintiff's Motion to Deny or Defer Consideration of Defendants' Motion for Summary Judgment Pursuant to Rule 56(d), the Declaration of Amy Jeffress Pursuant to Rule 56(d) and in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, the parties' respective response and reply briefs, and the available record, IT IS HEREBY ORDERED that Plaintiff's Motion to Deny or Defer Consideration of Defendants' Motion for Summary Judgment Pursuant to Rule 56(d) is **GRANTED**. IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED on this the _____ day of _____, 2020.


                       _____
                       Hon. Amy Berman Jackson
                       United States District Judge