**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LISA PAGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Case No. 1:19-cv-03675-TSC |

## DEFENDANTS' MOTION TO STAY RULE 26(f) CONFERENCE

Defendants U.S. Department of Justice ("the Department") and the Federal Bureau of Investigation ("FBI") respectfully move for a temporary stay of the requirement to hold a Rule 26(f) conference while Defendants' Motion for Summary Judgment ("Def's Mot."), ECF No. 14, and Plaintiff's Rule 56(d) Motion, ECF No. 20, are pending before Judge Berman Jackson. Because a ruling on these motions could resolve this case in its entirety and obviate the need for discovery, a stay of the 26(f) conference until these motions are resolved would serve the interests of judicial economy. Additionally, a temporary stay would relieve the government of engaging in discovery while its operations are presently impaired by the COVID-19 pandemic and would avoid potential inconsistencies if this case is later consolidated with *Strzok v. Barr*, No. 1:19-cv-02367-ABJ (D.D.C., filed Aug. 6, 2019) (*Strzok*), for the purposes of discovery. On the other hand, a delay would result in minimal—if any—prejudice to Plaintiff, who has already filed her response to Defendants' pending motion, *see* Pl's Opp. to Mot. for Summ. Judgment, ECF No. 21.

Pursuant to Local Rule 7(m), counsel for Defendants have contacted Plaintiff's counsel regarding this motion, who stated that Plaintiff opposes the requested stay of discovery.

**BACKGROUND**

Plaintiff Lisa Page filed this action against the Department and the FBI on December 10, 2019.  *See* Compl., ECF No. 1.  Her complaint alleges a single claim: violation of the Privacy Act based on the Department's disclosure of certain text messages she exchanged with another FBI employee, Peter Strzok, to the news media on December 12, 2017.  *Id.* ¶¶ 81–89.  Counsel for Defendants appeared in this case on December 20, 2019.  *See* ECF No. 8.

On March 13, 2020, the government filed its response to Ms. Page's complaint, *see* Answer, ECF No. 15, and a motion for summary judgment, *see* Def's. Mot., ECF No. 14.  The government also moved to consolidate this case for all purposes with *Strzok*, in which the government moved for summary judgment on an identical Privacy Act claim based on the Department's December 12, 2017 disclosure.  *See* Mot. to Consolidate, ECF No. 42 at 3–4, *Strzok* (citing Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 30 at 34–43, *Strzok*; Mem. in Reply in Support of Defs' Mot. to Dismiss or, in the Alternative, for Summ. J. at 21–30, ECF No. 38, *Strzok*).

On March 30, 2020, Judge Berman Jackson ordered that the *Strzok* and *Page* cases be consolidated "for consideration of the pending dispositive motions."  *See* Order, ECF No. 45 at 2, *Strzok*.  Judge Berman Jackson also explained that she "will take up the question of consolidation for purposes of discovery related to any Privacy Act claims that remain" after "the motions have been resolved," and indicated that she would not schedule any hearing on the dispositive motions, before "the District Court has resumed ordinary operations."  *Id.*

On April 3, 2020, Ms. Page filed her opposition to Defendants' motion for summary judgment, *see* ECF No. 21, and a Rule 56(d) Motion, ECF No. 20, at the same time, arguing that Judge Berman Jackson should "deny or defer consideration of Defendants' motion for summary

judgment because no discovery has yet occurred," *id.* at 2.  Defendants' reply in support of the motion for summary judgment, ECF No. 14, and opposition to Plaintiff's 56(d) motion are currently due on May 11, 2020.  *See* Minute Order (Apr. 9, 2020), *Strzok*.  Absent any requests for additional time, briefing on Plaintiff's 56(d) motion is currently scheduled to conclude on May 18, 2020.

## ARGUMENT

Federal Rule of Civil Procedure 26(f) provides that, except in certain exempt proceedings "or when the court orders otherwise," the parties shall meet "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  Fed. R. Civ. P. 26(f).  Although the Court has yet to set a scheduling conference in this action, the parties are presently obliged to confer because more than 60 days has passed since defense counsel entered an appearance in this case, *see* Fed. R. Civ. P. 16(b)(3), and, the Local Civil Rules no longer exempt discovery because the government filed its Answer on March 13, 2020, *see* Loc. Civ. R. 16.3(a).[1]  For the reasons discussed below, Defendants respectfully request that the Court stay the parties' obligation to hold a Rule 26(f) conference until the pending motion for summary judgment, ECF No. 14, and Rule 56(d) motion, ECF No. 20, before Judge Berman Jackson are resolved.

A temporary stay of the Rule 26(f) conference is appropriate because Defendants have filed a motion for summary judgment, *see* ECF No. 14, which, if granted, would resolve the case in its entirety.  "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."  *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (quoting *Anderson v. United States*

---

[1] Plaintiff's counsel requested to schedule a Rule 26(f) conference on March 26, 2020, and renewed the request on April 7, 2020.  On both occasions, the government stated its position that a Rule 26(f) conference would be premature for many of the reasons articulated in this Motion.

*Attorneys Office*, Civ. A. No. 91-2262-LFO, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). Recognizing that a stay of discovery under such circumstances "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources," *Chavous v. D.C. Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2011) (citation omitted), courts in this Circuit routinely grant stays, where, as here, the resolution of a pending dipositive motion could obviate the need for discovery, *see, e.g.*, *White v. Fraternal Order of the Police*, 909 F.2d 512, 516–17 (D.C. Cir. 1990) (upholding district court's stay of discovery pending resolution of defendants' motion for summary judgment); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (staying Rule 26(f) conference pending resolution of defendants' motion to dismiss and plaintiff's motion for partial summary judgment); *Chavous*, 201 F.R.D. at 2 (staying all discovery pending resolution of plaintiffs' motion for summary judgment and defendants' motions to dismiss). In light of Defendants' pending motion for summary judgment, a stay of the Rule 26(f) conference until Judge Berman Jackson rules on the motion would further the interests of judicial economy and avoid potential duplicative or unnecessary discovery.

The fact that Ms. Page has filed a Rule 56(d) motion does not preclude a stay. For the reasons set forth in Defendants' motion for summary judgment, *see generally* ECF No. 14, and any additional reasons to be set forth in Defendants' response to the 56(d) motion and reply brief, the government maintains that Defendants' motion for summary judgment, ECF No. 14, should be granted on the present record, and that discovery is unnecessary. In any event, discovery is premature at this time because Judge Berman Jackson indicated that she would "take up the question of consolidat[ing this case with *Strzok*] for purposes of discovery related to any Privacy Act claims that remain" after "the motions [in both cases] have been resolved." Order, ECF No.

45 at 2, *Strzok*. Thus, even if Judge Berman Jackson were to eventually grant Plaintiff's Rule 56(d) motion and deny Defendants' motion for summary judgment, proceeding with discovery now would risk creating inconsistencies and inefficiencies in this case and *Strzok*, if Judge Berman Jackson does ultimately consolidate the cases for the purposes of discovery.

A stay is also warranted because, as a practical matter, it would be difficult for Defendants to prepare for a Rule 26(f) conference, much less to start gathering materials in response to initial disclosures and any discovery requests, in light of the circumstances created by the COVID-19 pandemic. The FBI's Discovery Management Section (DMS) and agency counsel access discovery documents while in FBI office space using E-discovery tools located on its classified systems. *See* Exhibit 1, Declaration of Nancy H. Wiegand ("Wiegand Decl.") ¶ 6. Due to the ongoing COVID-19 pandemic, the FBI has "designated all [Discovery Management Section] staff as non-mission critical and non-telework capable and placed them on administrative leave, beginning on March 23, 2020 until further notice." *Id.* ¶ 15. As a result, the agency's "discovery staff is unavailable for consultation and the taskings necessary to help determine what types of search can be conducted, what responsive information exists, what burdens would be related to the searches and . . . related information that would be necessary to assist government counsel in responding to discovery requests." *Id.* ¶ 16. Although the FBI presently lacks clarity as to when DMS will be able to resume normal operation and return to the FBI's offices, the agency estimates that, even if "DMS can resume normal operation by mid-May 2020, under the current circumstances, those operations will be modified to accommodate social distancing and employee safety. Such accommodations, in addition to a startup delay and backlog of work, will impact the FBI's ability to perform the work necessary to meet discovery deadlines scheduled through at least mid-June 2020." *Id.* ¶ 17.

Accordingly, the government would face substantial hardship if the Rule 26(f) conference is not stayed. Without input from the FBI and further information about when its discovery unit will resume operations, it is unlikely that the government will be able to engage in a meaningful conferral. *See* L. Civ. R. 16.3(c)(8) (requiring the parties to discuss, inter alia, "[t]he anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; . . . and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions)." Moreover, the Rule 26(f) conference would trigger the parties' obligations to make their initial disclosures "at or within 14 days after [the conference]" and enable the parties to serve discovery requests. Fed. R. Civ. P. 26(a)(1)(C), 26(d). But while DMS is shut down, the government cannot, for instance, provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things" in the FBI's custody or control that it "may use to support its claims or defenses," as required by the Rule 26(a)(1), or respond to any discovery requests directed at the FBI. Thus, the hardship to the government of proceeding with discovery while its operations are substantially affected by the pandemic is yet another reason counseling in favor of a stay during the pendency of the government's dispositive motion. *Cf.* Order, ECF No. 20, *Chen v. Fed. Bur. of Investigation*, No. 1:18-cv-3074-CRC (D.D.C. Mar. 25, 2020) (granting the FBI a temporary stay of discovery due to the circumstances created by COVID-19).

On the other hand, the delay would pose minimal prejudice to Plaintiff, and any prejudice would be outweighed by the interests of judicial efficiency and the government's hardship articulated above. *See Chavous*, 201 F.R.D. at 3 (noting that, in determining "whether to stay discovery while pending dispositive motions are decided," the court must weigh "the harm produced by a delay in discovery"). To be sure, Plaintiff argues in her Rule 56(d) motion that she

is entitled to discovery before responding to Defendants' motion, *see* ECF No. 20 at 2, and, ordinarily, "a trial court . . . should not stay discovery which is necessary to gather facts in order to defend against" a dispositive motion, *Chavous*, 201 F.R.D. at 3 (citations omitted).  But, given that Plaintiff has already filed her opposition to summary judgment, *see* ECF No. 21, discovery would not aid Plaintiff in responding to the pending motion.  Instead, it would be beneficial only if Judge Berman Jackson were to eventually deny or defer consideration of summary judgment, after normal operations resume in this District.  *See* Order ECF No. 45 at 2, *Strzok* ("The Court will not schedule a hearing on the dispositive motions until after the District Court has resumed ordinary operations, and it will do so at that point if and when it determines that it is necessary to do so); *see also* Standing Order ¶ 4, No. 20-19 (D.D.C. Apr. 2, 2020), (postponing all civil proceedings until June 1, 2020).  Thus, commencing discovery now would put the cart before the horse.  Even if Judge Berman Jackson were to eventually grant Plaintiff's 56(d) motion and deny Defendants' motion for summary judgment, there is no compelling reason why the delay resulting from a stay would outweigh the interests of judicial efficiency and the government's hardship of engaging in discovery while its operations are substantially affected by the COVID-19 pandemic.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant a stay of the Rule 26(f) conference pending the resolution of Defendants' Motion for Summary Judgment, ECF No. 14, and Plaintiff's Rule 56(d) Motion, ECF No. 20.  Defendants propose to promptly notify the Court after Judge Berman Jackson rules on the pending motions.


Dated: April 21, 2020                                          Respectfully submitted,

                                                               JOSEPH H. HUNT
                                                               Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

 /s/ *Grace X. Zhou*
GRACE X. ZHOU
(N.Y. Bar No. 5623681)
BRADLEY P. HUMPHREYS
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-8267
E-mail: Grace.X.Zhou@usdoj.gov

*Counsel for Defendants*

*Page v. U.S. Department of Justice*, No. 19-cv-03675-TSC (D.D.C.)

# EXHIBIT 1

## DECLARATION OF NANCY H. WIEGAND

I, Nancy H. Wiegand, hereby state and declare as follows:

1. I am the Section Chief of the Discovery Management Section (DMS), Litigation Branch in the Federal Bureau of Investigation's (FBI), Office of the General Counsel (OGC), at FBI Headquarters in Washington, D.C. I have been a member of the FBI's Senior Executive Service since 2012 when I was selected to serve as the Section Chief of DMS. Prior to my selection as Section Chief, I served as the Unit Chief of the Civil Litigation Unit II for nine years. I have subsequently served as the acting Deputy General Counsel of the Litigation Branch and in 2016 was selected for a three-year Joint Duty Assignment (JDA) to the Office of the Director of National Intelligence (ODNI) as the Deputy General Counsel for Litigation and Oversight. I returned to my current position at the FBI in October 2019.

2. The statements contained in this declaration are based upon my personal knowledge, my review and consideration of information available to me in my official capacity, and on information obtained from other FBI employees.

3. This declaration is submitted in support of Defendants' motion to stay the Rule 26(f) conference in *Page v. DOJ*, 19-cv-03675-TSC.

4. DMS provides expertise and support to legal teams on the identification, preservation, collection, processing, review, management and/or production of FBI information and records in response to legal demands in civil, criminal, congressional, and administrative matters. The Section consists of three units: Discovery Unit I (DU I), Discovery Unit II (DU II), and the Discovery Counsel Unit (DCU).

5. As noted above, there are two separate Discovery Units within the DMS, referred to collectively as the DU. The DU is responsible for locating, reviewing, and processing for release any and all responsive material. The DU is also tasked with conducting a line-by-line review for privileged

information of the responsive material before it can be released outside of the FBI. A line-by-line review is a burdensome manual task where the assigned employee is responsible for reviewing every word on every page of a document, looking for any privileged information, which also includes recognizing that information on one page that normally does not qualify as privileged information on its own could be privileged when combined with information from another page of the document. The DU is also tasked with redacting information covered by various government privileges to protect classified information, FBI informants, grand jury material, personal identifiers, and other information. Only after this careful review with appropriate redactions supporting the assertion of privileges may information be released outside of the FBI.

6. The work of the DU is highly dependent on a suite of eDiscovery technical tools. These tools can only be accessed in FBI space on a classified system. DU eDiscovery Technical Advisors (ETAs) are tasked with identifying and retrieving responsive electronically stored information (ESI). ESI includes emails, text messages, instant messages, Word documents, and other electronic documents stored on FBI systems. The ESI is ingested into our eDiscovery review platform where it is processed for review by the paralegal staff. The paralegals use the eDiscovery review platform to review and tag responsive documents and then redact as appropriate. FBI agency counsel also access the eDiscovery review platform to review the proposed redactions. The information is then exported out of the system for production to the plaintiff. These systems reside on the FBI classified network and cannot be accessed remotely.

7. Pursuant to standard procedure, the DU may need to coordinate a classification review of responsive documents with the FBI's Information Management Division, Classification Unit. The Classification Unit is not part of OGC. The Classification Unit is responsible for reviewing documents for national security classification purposes. This includes reviewing documents responsive to civil or criminal discovery proceedings and special administrative reviews requested by other FBI components.

8. Due to COVID-19 concerns, the Classification Unit has been shut down until April 27, 2020 at which time they will reassess the situation. It should be noted that even if the Classification Unit is able to assume normal operations on April 27, 2020, under the current circumstances, those operations will be modified to accommodate social distancing and employee safety. Such accommodations in addition to a startup delay and a backlog of work, will impact the Classification Unit's ability to perform classification reviews for the DU in a timely manner.

9. On January 31, 2020, Health and Human Services Secretary Alex M. Azar II declared a public health emergency for the United States to aid the nation's healthcare community in responding to COVID-19. On March 11, 2020, the World Health Organization publicly characterized COVID-19 as a pandemic.[1] On March 13, 2020, the President declared a National Emergency in an effort to address the spread of COVID-19.[2] Further, on March 16, 2020, the President announced new guidelines to slow the spread of the virus, to include avoiding groups of more than 10 people and closing schools in many communities.[3] This guidance follows recommendations by the Centers for Disease Control (CDC) to engage in social distancing.[4]

---

[1] Centers for Disease Control and Prevention. "Coronavirus Disease 2019 (COVID-19): Situation Summary." www.cdc.gov, accessed March 13, 2019.

[2] *See* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (last accessed Mar. 17, 2020).

[3] *See* The President's Coronavirus Guidelines for America, https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315PM.pdf (last accessed Mar. 17, 2020).

[4] *See, e.g.*, Centers for Disease Control "Interim Guidance for Businesses and Employers" https://www.cdc.gov/coronavirus/2019-ncov/community/guidance-business-response.html (last accessed Mar. 17, 2020)

10. The United States Office of Personnel Management (OPM) has been issuing guidance to address how the Federal Government can implement measures to protect its workforce and the American public. Specifically, on March 7, 2020, OPM recommended the "incorporation of telework and 'social distancing' in COOP [Continuity of Operations] and emergency planning [to] allow the Federal Government to continue functioning efficiently and effectively, while ensuring the health and safety of employees."[5] Further, on March 15, 2020, the Acting Director of the Office of Management and Budget (OMB) issued guidance to Federal agencies in the National Capital Region (NCR) to implement maximum telework flexibilities. OMB's guidance asked agencies "to offer maximum telework flexibilities to all current telework eligible employees, consistent with operational needs of the departments and agencies as determined by their heads."[6]

11. On March 17, 2020, the Acting of Director of OMB issued further guidance to agency heads to aggressively slow the spread of COVID-19 by directing, among other things, "...[T]he Government must immediately adjust operations and services to minimize face-to-face interactions " "Exceptions may be

needed when continued operations and services are necessary to protect public health and safety, including law enforcement and criminal-justice functions. Non-mission-critical[7] functions that cannot be performed remotely or that require in-person interactions may be postponed or significantly curtailed."[8]

---

[5] United States Office of Personnel Management Memorandum "Coronavirus Disease 2019 (COVID-19); Additional Guidance" (March 7, 2020), https://www.chcoc.gov/content/coronavirus-disease-2019-covid-19-additional-guidance (last accessed Mar. 17, 2020). See also United States Office of Personnel Management Memorandum "Updated Guidance on Telework Flexibilities in Response to Coronavirus" (March 12, 2020), https://www.chcoc.gov/sites/default/files/M-20-13.pdf (last accessed Mar. 17, 2020).

[6] Memorandum from the Acting Director of The Office of Management and Budget to the Heads of Departments and Agencies "Updated Guidance for National Capital Region on Telework Flexibilities in Response to Coronavirus" (March 15, 2020), https://www.whitehouse.gov/wp-content/uploads/2020/03/M20-15-Telework-Guidance-OMB.pdf (last accessed Mar. 17, 2020).

[7] A mission-critical position is one whose functions absolutely cannot be put on hold.

[8] Memorandum from the Acting Director of The Office of Management and Budget to the Heads of Departments and Agencies "Federal Agency Operational Alignment to Slow the Spread of Coronavirus COVID-19" (March 17, 2020), https://www.whitehouse.gov/wp-content/uploads/2020/03/M20-16.pdf (last accessed Mar. 24, 2020).

12. On March 30, 2020, the Governors of Maryland and Virginia and the Mayor of Washington, D.C. issued stay-at-home orders, prohibiting residents from leaving their homes except for essential trips.[9] Violation of these orders range from fines to imprisonment Id. The majority of FBI Headquarters employees, which includes DMS personnel, live in the National Capital Region.

13. The FBI is implementing these guidelines to protect its employees and their communities, and to ensure that it can continue to protect the American people during this national emergency.

14. Those employees designated as non-mission critical and non-telework capable due to the nature of their duties, work location, or technology, may be approved for what OPM/OMB refer to as "weather and safety leave (administrative leave)."

15. Based on the above guidance, I have designated all DMS staff as non-mission critical and non-telework capable and placed them on administrative leave effective March 23, 2020 until further notice.

16. As a result, discovery staff is unavailable for consultation and the taskings necessary to help determine what types of searches can be conducted, what responsive information exists, what burdens would be related to the searches and the review of the resulting information, whether information found might be classified, what privileges may be at issue within any responsive documents, and related information that would be necessary to assist government counsel in responding to discovery requests. In addition, discovery staff is unavailable for reviewing other agencies' discovery documents for potential FBI equities.

---

[9] Maryland Executive Order 20-03-30-01 www.governor.maryland.gov, (last accessed Mar. 31, 2020); www.governor.virginia.gov., Executive Order Number Fifty-five (2020) (last accessed Mar. 31, 2020); www.coronavirus.dc.gov., Mayor's Order 2020-054 (last accessed Mar. 31, 2020).

17. If DMS can resume normal operation by mid-May 2020, under the current circumstances, those operations will be modified to accommodate social distancing and employee safety. Such accommodations, in addition to a startup delay and backlog of work, will impact the FBI's ability to perform the work necessary to meet discovery deadlines scheduled through at least mid-June 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Executed the 17th day of April 2020.

WIEGAND.NANCY.H.F73M47K81
Digitally signed by WIEGAND.NANCY.H.F73M47K81
DN: c=US, o=U.S. Government, ou=NSS, ou=FBI, ou=People, cn=WIEGAND.NANCY.H.F73M47K81
Date: 2020.04.17 13:28:28 -04'00'

Nancy Healy Wiegand
Section Chief
Discovery Management Section
Office of the General Counsel
Federal Bureau of Investigation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LISA PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:19-cv-03675-TSC |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

Upon consideration of the government's motion to stay 26(f) conference, it is hereby ORDERED that the government's motion is GRANTED.

The Rule 26(f) conference and other discovery deadlines are hereby STAYED until the Court resolves the pending motion for summary judgment, ECF No. 14, and Rule 56(d) motion, ECF No. 20.

SO ORDERED.


Dated: _____      _____
                                                                    Hon. Tanya S. Chutkan
                                                                    United States District Judge