**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|                                          |     |                                       |
| ---------------------------------------- | --- | ------------------------------------- |
| LISA PAGE,                               | )   |                                       |
|                                          | )   |                                       |
| *Plaintiff,*                             | )   |                                       |
|                                          | )   |                                       |
| v.                                       | )   | Civil Action No. 19-cv-3675 (TSC)     |
|                                          | )   |                                       |
| U.S. DEPARTMENT OF JUSTICE, *et al.*,    | )   |                                       |
|                                          | )   |                                       |
| *Defendants.*                            | )   |                                       |

---

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY RULE 26(f) CONFERENCE

Plaintiff Lisa Page files this opposition to Defendants' motion to stay the requirement to hold a Rule 26(f) conference, and therefore any form of discovery, while Defendants' motion for summary judgment, ECF No. 14, and Ms. Page's Rule 56(d) motion, ECF No. 20, are pending.

Federal Rule of Civil Procedure 26(f) provides that, after a civil action is filed, "the parties must confer as soon as possible" about scheduling and discovery-related topics.  Although a local rule of this Court permits parties to defer that conference until after the defendant answers, no authority suggests that a defendant can justify freezing all activity in the case other than the adjudication of its motion simply by filing a pre-discovery summary judgment motion contemporaneously with its answer.  The Federal Rules are predicated, rather, on the understanding that after the defendant answers the complaint, the parties are to engage in discovery to build the factual record necessary to adjudicate the case on summary judgment or at trial.  This case, in which Defendants' summary judgment arguments turn on their officials' subjective states of mind and on their fact-intensive position that a hastily arranged, secretive, after-hours disclosure

to media of evidence from a pending OIG investigation was a "routine use" of OIG records, epitomizes the need for that process.

While no procedural bar precluded the government from seeking early summary judgment, there is no basis for holding the rest of the case hostage to that motion.  The Court should deny the government's motion and order the parties to hold their Rule 26(f) conference and move forward with the case.  To the extent logistical issues associated with the COVID-19 pandemic require particular accommodations for discovery, the parties should include those issues in their agenda for the Rule 26(f) conference.  To date, this Court has not seen fit to enter a general stay of proceedings in civil cases due to the COVID-19 pandemic.  Ms. Page is committed to working constructively toward practical solutions that alleviate the unusual hardships and burdens of litigating civil cases at this time.

## BACKGROUND

There are presently three civil actions pending in this Court that relate in whole or in part to Defendants U.S. Department of Justice's ("DOJ") and Federal Bureau of Investigation's ("FBI") improper disclosure of agency records about Ms. Page and former FBI agent Peter Strzok to the media on December 12, 2017 (the "December 12 disclosure").  Each of these actions is relevant to the analysis of whether Defendants are entitled to a stay of discovery.

### The *Page* Action

On December 10, 2019, Ms. Page filed this action against Defendants DOJ and FBI, alleging a single Privacy Act count based on the December 12 disclosure.  Defendants' response to the complaint was originally due February 28, 2020, but the parties agreed on a two-week extension for Defendants' response (to March 13, 2020) and a one-week extension for Plaintiff's opposition, which the Court granted.  Minute Order (Mar. 2, 2020).

On March 13, 2020, Defendants filed their answer, ECF No. 15, as well as a motion for summary judgment, ECF No. 14.  That same day, Defendants filed a motion to consolidate this action with *Strzok v. Barr*, No. 19-cv-2367 (ABJ), "for all purposes."  Mot. to Consolidate, ECF No. 16-2, at 1, 6.

Because this case was no longer exempt from discovery obligations following the filing of Defendants' answer, *see* Local Rule 16.3(b), Ms. Page's counsel contacted government counsel on March 26, 2020, to schedule the Rule 26(f) conference.  *See* Decl. of Amy Jeffress ("Jeffress Decl."), ECF Nos. 20-1, 21-2, ¶ 4.  Government counsel advised that Defendants' position was that "a Rule 26(f) conference would be premature at this point" and "the case should be resolved without discovery for the reasons stated in the motion for summary judgment."  *See id.*

On March 30, 2020, Judge Jackson granted the government's motion to consolidate, but only "insofar as it requests consolidation for consideration of the pending dispositive motions"— namely, the motion for summary judgment filed in this action and the motion to dismiss or, in the alternative, for summary judgment then pending in the *Strzok* action.  Order, ECF No. 19, at 2. The consolidation order notes that, "[a]fter the motions have been resolved, the Court will take up the question of consolidation for purposes of discovery related to any Privacy Act claims that remain." *Id.*  The order further states that, "[i]n the meantime, the parties are encouraged to explore the possibility of a negotiated resolution, and they may notify chambers at any time if they are in agreement that they would benefit from the assistance of a neutral mediator."  *Id.*

On April 3, 2020, Ms. Page filed her opposition to Defendants' motion for summary judgment, ECF No. 21, as well as a motion to deny or defer consideration of Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(d), ECF No. 20.

On April 7, 2020, counsel for Ms. Page renewed her request for a Rule 26(f) conference. On April 21, 2020, counsel for the government reiterated its position that "a Rule 26(f) conference would be premature at this time."  Later that day, Defendants filed the instant motion to stay the requirement to hold a Rule 26(f) conference while the motion for summary judgment and Rule 56(d) motion were pending.  ECF No. 22.

Ms. Page has consented to the government's request for a four-week extension to file its reply in support of the motion for summary judgment and a three-week extension to file its opposition to Ms. Page's Rule 56(d) motion.  The Court granted the extension request, setting Defendants' reply and opposition deadlines for May 11, 2020.  *See Strzok*, Minute Order (D.D.C. Apr. 9, 2020).  Absent further extensions, briefing is scheduled to conclude on May 18, 2020.  *See* L.R. 7(d).

### The CREW FOIA Case

CREW filed its case against DOJ on January 3, 2018, just weeks after the December 12 disclosure.  That suit "challenges the failure of [DOJ] to disclose to CREW communications concerning DOJ's decision to invite reporters to DOJ on December 12, 2017, to share with them private text messages from [Ms. Page and Mr. Strzok]."  *Citizens for Resp. and Ethics in Wash. v. U.S. Dep't of Justice*, No. 18-cv-0007 (TSC), First. Am. Compl., ECF No. 4, ¶ 1 (D.D.C. filed Jan. 16, 2018).  Following the filing of CREW's suit, DOJ produced various records to CREW, and both DOJ and CREW have posted documents from those productions on their websites.  *See* U.S. Dep't of Justice, https://www.justice.gov/file/1223146/download;[1] CREW Requests DOJ Records

---

[1] To access this file from DOJ's "FOIA Library" for the Office of Information Policy, visit https://www.justice.gov/oip/available-documents-oip; navigate to section "FOIA-Processed Documents," subsection "General Topics of Interest," and category "Records Concerning Sharing of the Content of Text Messages between FBI Agents Peter Strzok and Lisa Page"; and click the link titled "Interim (January 3, 2017 – January 4, 2018)."

on Release of Strzok and Page Texts, *Citizens for Responsibility & Ethics in Washington*, Dec. 13, 2017, https://www.citizensforethics.org/foia/expedited-foia-request-department-justice-office-inspector-general-office-information-policy-fbi-leak/.

### The *Strzok* Action

Approximately a year and a half after CREW filed its lawsuit, Peter Strzok filed an action against DOJ, FBI, Attorney General William Barr (in his official capacity), and FBI Director Christopher Wray (in his official capacity).  Mr. Strzok's complaint asserts a Privacy Act claim based on the December 12 disclosure, as well as various constitutional claims.  *See Strzok*, Compl., ECF No. 1, ¶ 5 (D.D.C. filed Aug. 6, 2019).  Defendants have moved for dismissal or, in the alternative, summary judgment as to Mr. Strzok's constitutional claims and summary judgment as to his Privacy Act claim, *see Strzok*, ECF No. 30 (D.D.C. filed Nov. 18, 2019), and that motion has been fully briefed since January 31, 2020.

Defendants in that case have not yet answered Mr. Strzok's complaint and will not be required to do so until after the Court decides the partial motion to dismiss.  *See* Fed. R. Civ. P. 12(a)(4).  Therefore, the *Strzok* case is exempt from discovery obligations under Local Rule 16.3(b).

## LEGAL STANDARD

"The decision whether to permit discovery to proceed while a threshold, dispositive motion is pending is both case-specific and committed to the discretion of the district court."  *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 59 (D.D.C. 2015).  Courts must "weigh competing interests and maintain an even balance" in deciding motions to stay discovery.  *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 131 (D.D.C. 2013) (citation omitted).

## ARGUMENT

There is no general exemption from discovery obligations for cases involving pending dispositive motions, and Defendants have not shown that a stay of discovery is warranted here. This Court should deny Defendants' request for a stay because: (1) the applicable rules and case law counsel against it; (2) a stay of discovery would prejudice Ms. Page; (3) no inconsistencies or inefficiencies will result if the parties conduct discovery in this action before discovery commences in *Strzok v. Barr*; and (4) the parties should address issues related to the COVID-19 pandemic by negotiating reasonable accommodations, rather than suspending the case altogether until those issues resolve.

*First*, Defendants' position that a pending dispositive motion justifies a stay of all discovery activity is vastly overstated. *See* Mot. to Stay Rule 26(f) Conference, ECF No. 22, at 1, 3–4. Neither the federal nor local rules contain a general exemption from discovery, scheduling, or meet-and-confer obligations for cases in which a dispositive motion has been filed—let alone where, as here, the defendant filed the dispositive motion concurrently with its answer and prior to *any* discovery or case scheduling activity. The Federal Rules of Civil Procedure provide for discovery to commence shortly after the initiation of the case and for the parties to confer about a variety of important topics "as soon as practicable," regardless of whether a dispositive motion is pending. *See* Fed. R. Civ. P. 26(f)(1). Likewise, though Local Rule 16.3 exempts certain cases from these obligations, the relevant marker is whether Defendants have filed an *answer*, not whether dispositive motions have been resolved. *See* L.R. 16.3; *see also* Mot. to Stay Rule 26(f) Conference, ECF No. 22, at 3 (acknowledging that Defendants filed their answer on March 13, 2020, and, absent a stay, have an obligation to confer under Rule 26(f)).

To prevail on their motion, Defendants must make a case-specific showing that a stay of discovery is warranted, *see Sai*, 99 F. Supp. 3d at 59, but the very cases they cite show that a stay would be inappropriate here.  In *Chavous*, for example, the court expressly acknowledged that "discovery should *precede* consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand."  *Chavous v. D.C. Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)) (emphasis added); *see also id.* (explaining that "a trial court could well be found to have abused its discretion by staying discovery where it is necessary for the party *opposing* summary judgment to develop 'additional facts'" (citing *Moore v. United States*, 213 F.3d 705, 710 n.3 (D. C. Cir. 2000)).  Similarly, in the *Sai* case, the court emphasized that "there is good reason not to enter a stay 'where discovery is necessary for the party *opposing* summary judgment to develop 'additional facts.''"  *Sai*, 99 F. Supp. 3d at 58 (quoting *Chavous*, 201 F.R.D. at 3).  In both, the court granted the motion to stay only after explaining why the facts were distinguishable from these scenarios.  *See Chavous*, 201 F.R.D. at 3; *Sai*, 99 F. Supp. 3d at 54, 57–58; *De Baca v. United States*, 403 F. Supp. 3d 1098, 1130–31 (D.N.M. Apr. 30, 2019) (denying motion for stay and distinguishing *Chavous* and similar cases as "situations . . . in which the nonmovant requires or desires no discovery").

By contrast, in cases where the discovery relates to the facts underlying the dispositive motion, courts have rejected attempts to stay discovery.  *See, e.g.*, *Byrd v. Pyle*, No. 87-cv-3547, 1988 WL 40300, at *1 (D.D.C. Apr. 20, 1988) (denying motion to stay where a Rule 56(d) (then Rule 56(f)) motion was pending); *Fugett v. Sec. Transp. Servs.*, No. 14-2291-JAR, 2015 WL 13631245, at *1 (D. Kan. Feb. 20, 2015) (denying defendant's motion to stay discovery where defendant's summary judgment motion "relie[d] on" an affidavit by an individual whom plaintiff

"ha[d] not had the opportunity to depose" because "[s]taying discovery would allow [defendant] to set forth evidence [plaintiff] has not had the opportunity to challenge or test"); *Swepi, LP v. Mora Cty., N.M.*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084, at *24 (D.N.M. Dec. 19, 2014) (denying motion to stay because "discovery may be beneficial to the Court's resolution of the JOP Motion [for Partial Summary Judgment]," where "[d]iscovery [could] assist" the parties in proving disputed facts).[2]

*Second*, contrary to Defendants' argument (at 7), the fact that Ms. Page has filed a partial response to Defendants' motion for summary judgment in no way mitigates the prejudice Ms. Page would suffer from a general stay.  Defendants' argument overlooks the concept at the heart of Rule 56(d): if the plaintiff is not in a position to "present facts essential to justify its opposition" to summary judgment—as here, where no discovery has occurred—the motion should be deferred or denied, and time should be allowed to take the necessary discovery.  Although Defendants insist it is too late for discovery to "aid Plaintiff in responding to the pending motion," Mot. to Stay Rule 26(f) Conference, ECF No. 22, at 7, Ms. Page may of course seek leave to supplement her response with new information as long as the motion remains pending.  In essence, Defendants would have the Court assume that they are going to prevail on their pre-discovery summary judgment motion without any need, at any time, to conduct any form of discovery.  But that approach is not consistent with how the Federal Rules of Civil Procedure work.

---

[2] *See also Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (noting that stay of discovery pending resolution of summary judgment is potentially inappropriate where "plaintiff ha[s] been denied discovery which related to the summary judgment motion").  *Cf. Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (affirming district court's stay of discovery pending resolution of dispositive motion where "the district court had sufficient information before it upon which to rule" and "further discovery was not likely to produce a genuine issue of material fact").

Moreover, under Defendants' proposed approach—namely, that the Court should grant a stay of discovery, deny Ms. Page's Rule 56(d) motion, and grant the motion for summary judgment "on the present record," *see* Mot. to Stay Rule 26(f) Conference, ECF No. 22, at 4—Ms. Page's lack of access to discovery constitutes an ongoing harm. The fact that Defendants chose to file their motion to stay *after* the deadline for Ms. Page to file her opposition does not end her entitlement to discovery or extinguish the associated prejudice. To hold otherwise would be especially unfair where Ms. Page requested a Rule 26(f) conference prior to her opposition deadline.

Discovery is also needed for reasons independent of the pending motion. For example, discovery is necessary to enable the parties to "explore the possibility of a negotiated resolution" and consider whether "they would benefit from the assistance of a neutral mediator," as directed by Judge Jackson in her order consolidating this action with the *Strzok* case "for consideration of the pending dispositive motions." Order, ECF No. 19, at 2. Ms. Page also needs discovery to develop her own motion for summary judgment. Absent a case-specific showing that a stay of discovery is warranted, *see Sai*, 99 F. Supp. 3d at 59, Ms. Page is entitled to proceed with discovery to develop the underlying facts in the manner provided for in the federal and local rules.

*Third*, proceeding with discovery in this action would not create any "inconsistencies and inefficiencies in this case and *Strzok*, if Judge Jackson does ultimately consolidate the cases for the purposes of discovery." Mot. to Stay Rule 26(f) Conference, ECF No. 22, at 5. If anything, this approach is likely to advance discovery in Mr. Strzok's case by giving the government a head start in investigating and collecting documents related to one of the multiple claims it will need to address. It will also promote efficiencies by isolating the discovery on Ms. Page's single, narrow

claim from Mr. Strzok's more complex case involving multiple constitutional claims.[3] If and when Mr. Strzok's case proceeds to discovery, the government can simply provide any relevant discovery compiled for purposes of this action to Mr. Strzok.[4]

This approach is fully consistent with the Court's consolidation order, which consolidated the matters "for consideration of the pending dispositive motions" only.  Order, ECF No. 19, at 2. Once the dispositive motions are decided, Judge Jackson "will take up the question of consolidation for purposes of discovery related to any Privacy Act claims that remain." *Id.* In the interim, discovery in Ms. Page's matter should proceed as provided in the federal and local rules.

*Fourth*, Ms. Page agrees that the COVID-19 pandemic creates unique challenges for litigants, and that it may not be feasible to proceed with discovery in exactly the same manner as in normal conditions.  But the parties should resolve any complications through negotiated accommodations, rather than a wholesale suspension of the parties' meet-and-confer, scheduling, and discovery obligations.  Indeed, this Court could have, but has not, entered a general stay of all proceedings in civil cases.  As another federal court recently explained:

> The Court is not unmindful of the unprecedented impact this pandemic is having on businesses and society . . . [but] the Court does not find a one-size-fits-all, blanket stay or extension of deadlines appropriate for all the cases now before it. Depending on the stage of the litigation, attorneys can still file pleadings and brief legal issues, ***parties can still exchange quite a bit of discovery, and parties can meet and confer, remotely, to discuss the status of the case***, among other activities. There is no reason for all litigation to grind to a halt in many cases.  Indeed, allowing that to happen will only exacerbate, in many cases, the detrimental effects of this crisis.

---

[3] Mr. Strzok's case is currently exempt from discovery obligations under Local Rule 16.3(b), which provides that "[t]he requirements of this Rule and of Fed. R. Civ. P. 16(b) and 26(f), shall not apply in cases in which no answer has yet been filed."  Thus, discovery cannot begin in that case until: (1) briefing on dispositive motions concludes on May 18, subject to further extensions; (2) the Court decides the dispositive motions; (3) defendants in the *Strzok* case file their answer; and, (4) following the filing of the answer, the parties hold the Rule 26(f) conference.

[4] The parties can address the question of when depositions of shared witnesses should be conducted when that issue arises.

*Horning v. Resolve Marine Grp., Inc.*, No. 19-60899-CIV, 2020 WL 1540326, at *1 (S.D. Fla. Mar. 30, 2020) (emphasis added).

Ms. Page is prepared to work with the government to ensure that discovery is conducted in a manner that is reasonable and does not pose unnecessary safety risks, including following practices that the federal government, private attorneys, and the courts have already widely adopted: engaging in remote work to the extent possible; deferring non-essential and non-urgent activities that could pose a safety risk; and remaining flexible in the face of changing conditions.

The government's own declaration demonstrates why its motion for a categorical stay should be denied. That declaration cites potential limitations on the *FBI's* ability to access information from certain classified FBI systems that cannot be utilized remotely. *See generally* Decl. of Nancy H. Wiegand, ECF No. 22-1. But the FBI is only one of two defendants in this case, and Defendants previously argued that the FBI does not belong in the case at all. *See* Mem. in Support of Mot. for Summ. J., ECF No. 14-1, at 13 (insisting that "the Department—not the FBI—was responsible for the December 12, 2017 disclosure"). Similarly, Defendants' summary judgment motion relied on three self-serving declarations to attempt to explain the circumstances of the December 12 disclosure, but none of those declarations was from the FBI; they were all signed by current or former *DOJ* officials. As a result, the document and deposition discovery necessary to test these accounts will likely concentrate predominantly on DOJ, not the FBI, and Defendants have presented nothing suggesting that *DOJ* has any trouble accessing relevant information. Finally, even as to the FBI, and even by its own terms, the FBI declaration is already outdated and provides little guidance as to what reasonable accommodations may be necessary and warranted in the coming weeks and months in this rapidly evolving environment. *See, e.g.,*

Decl. of Nancy H. Wiegand, ECF No. 22-1, ¶ 8 (referencing restrictions that expired on April 27, 2020).

Notably, the government cannot dispute that it has at least some responsive information readily accessible.  The government has already completed a level of fact development and investigation that it considered sufficient to move for summary judgment based on three sworn declarations, in both this case and the *Strzok* case."  Mem. in Support of Mot. for Summ. J., ECF No. 14-1, at 13.  In addition, the government has filed an answer in this action, which required it to investigate and admit, deny, or qualify each of the allegations in Ms. Page's 89-paragraph complaint.  The notion that the government nevertheless remains too unwitting of the facts to begin the process of initial disclosures—*e.g.*, of names of witnesses and categories of documents the government may use to support its defenses, *see* Mot. to Stay Rule 26(f) Conference, ECF No. 22, at 5–6—therefore does not withstand scrutiny.

Finally, in connection with the CREW FOIA lawsuit filed more than two years ago, the government has already collected and produced hundreds of pages of documents related to the December 12 disclosure.  Though these productions are heavily redacted and are not exhaustive of the materials Ms. Page will ultimately seek, they confirm that the government long ago completed many of the key steps that would be required here—among them locating the relevant document custodians, collecting documents related to the December 12 disclosure from those custodians, and conducting reviews for responsiveness and privilege.  Even the simple production of unredacted copies of documents that have already been compiled and that were redacted for FOIA purposes—materials that the government already has in its possession and could produce with a few keystrokes—would help move this action along.  In sum, nothing the government has submitted suggests that it is incapable of either collecting the basic information required for

purposes of the Rule 26(f) conference or subsequently providing *some* discovery to Ms. Page, such as initial disclosures and unredacted copies of previously produced documents.

## CONCLUSION

This Court should deny Defendants' motion to stay the requirement to hold a Rule 26(f) conference while Defendants' motion for summary judgment is pending.

Dated: May 5, 2020                        Respectfully submitted,

                                          /s/ Amy Jeffress
                                          Amy Jeffress (D.C. Bar No. 449258)
                                          Robert J. Katerberg (D.C. Bar No. 466325)
                                          Kaitlin Konkel (D.C. Bar No. 1021109)
                                          ARNOLD & PORTER
                                            KAYE SCHOLER LLP
                                          601 Massachusetts Avenue NW
                                          Washington, DC 20001-3743
                                          Telephone: (202) 942-5000
                                          Fax: (202) 942-5999

                                          *Counsel for Plaintiff Lisa Page*