UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA PAGE,<br><br>   *Plaintiff*,<br><br> v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>   *Defendants*. | Civil Action No. 19-3675 (TSC) |

**NOTICE OF FILING OF JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

  PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and Judge Amy Berman Jackson's Minute Order dated October 13, 2020, the parties in the above-captioned matter and in *Strzok v. Barr*, No. 19-cv-2367 (ABJ), have conferred and filed a Joint Report Pursuant to Local Rule 16.3. The Joint Report is attached as Exhibit A to this Notice.

Dated: November 2, 2020

                    Respectfully submitted,

                    /s/ Amy Jeffress
                    Amy Jeffress (D.C. Bar No. 449258)
                    Robert J. Katerberg (D.C. Bar No. 466325)
                    Kaitlin Konkel (D.C. Bar No. 1021109)
                    ARNOLD & PORTER
                      KAYE SCHOLER LLP
                    601 Massachusetts Avenue NW
                    Washington, DC 20001-3743
                    Telephone: (202) 942-5000
                    Fax: (202) 942-5999

                    *Counsel for Plaintiff Lisa Page*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PETER STRZOK,

    *Plaintiff*,

 v.

ATTORNEY GENERAL WILLIAM F. BARR, in his official capacity as Attorney General, *et al.*,

    *Defendants*.

Civil Action No. 19-2367 (ABJ)

LISA PAGE,

    *Plaintiff*,

 v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    *Defendants*.

Civil Action No. 19-3675 (TSC)

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and this Court's Minute Order dated October 13, 2020, the parties have conferred and submit the following Joint Report Pursuant to Local Rule 16.3.[1]  The parties have also attached their separate proposed scheduling orders.

---

[1] The above-captioned cases have been consolidated for purposes of discovery.  The parties in Civil Action No. 19-2367 (ABJ) are Plaintiff Peter Strzok and Defendants U.S. Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI"); Attorney General William F. Barr, in his official capacity as Attorney General; and Christopher A. Wray, in his official capacity as FBI

> **(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Plaintiffs do not believe that any of their claims can be resolved against them prior to trial as there are many material disputes of fact which can only be resolved by the trier of fact. Defendants believe that Plaintiffs' claims will likely be able to be disposed of through summary judgment motions before trial. No dispositive motions are currently pending, and the parties agree that discovery should commence and not await a decision on any motions.

> **(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties' proposals for the date by which any other parties shall be joined or the pleadings amended are in their attached separate proposed scheduling orders. The parties agree that the factual and legal issues in these cases cannot be further agreed upon or narrowed at this time.

> **(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the cases should not be assigned to a magistrate judge.

> **(4) Whether there is a realistic possibility of settling the case.**

The parties agree that it is worth exploring whether there is a possibility of settling one or both cases at an appropriate time. At this time, the parties have not yet had settlement discussions in either case and cannot predict the likelihood of settlement.

> **(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken**

---

Director. The parties in Civil Action No. 19-3675 (TSC) are Plaintiff Lisa Page and Defendants DOJ and FBI. This Joint Report refers collectively to the defendants in both cases as "Defendants" and the parties in both cases as the "parties."

2

> *to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:*
>
> (i) *the client's goals in bringing or defending the litigation;*
>
> (ii) *whether settlement talks have already occurred and, if so, why they did not produce an agreement*
>
> (iii) *the point during the litigation when ADR would be most appropriate, with special consideration given to:*
>
> > (aa) *whether ADR should take place after the informal exchange or production through discovery of specific items of information; and*
> >
> > (bb) *whether ADR should take place before or after the judicial resolution of key legal issues;*
>
> (iv) *whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and*
>
> (v) *whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending*

At this time, the parties do not believe that the cases would benefit from the use of this Court's ADR procedures or some other form of ADR. As the cases proceed, the parties will continue to evaluate the potential utility of ADR procedures and advise the Court if their position changes.

> **(6)** *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

Plaintiffs do not believe that any of their claims can be resolved against them prior to trial as there are many material disputes of fact which can only be resolved by the trier of fact. Defendants believe that Plaintiffs' claims will likely be able to be disposed of through summary judgment motions before trial. If the Court is inclined to schedule summary judgment proceedings

3

now, the parties separately suggest deadlines for summary judgment briefing in their attached proposed scheduling orders.

> **(7)** **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to exchange the initial disclosures as required by Federal Rule Civil Procedure 26(a)(1) by November 12, 2020.

> **(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Except as discussed below, the parties agree to the limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules, subject to any provisions in those same Rules for potential relief from those limits. The parties also agree that a confidentiality protective order is appropriate, and the parties intend to negotiate an agreed-upon protective order for submission to the Court. Plaintiffs further agree to coordinate their discovery requests and depositions with respect to the overlapping aspects of their Privacy Act claims to promote efficiency and avoid burdening Defendants with responding to two sets of substantively similar requests.

**Plaintiffs' Position**

1. *Time for Completion of Discovery*

These cases were filed in August 2019 and December 2019, respectively, to seek redress for actions that seriously disrupted the lives of two individuals. Plaintiffs propose that discovery conclude on May 14, 2021, which is 21 months after the filing of the *Strzok* case, 17 months after the filing of the *Page* case, and nearly seven months after the parties' joint Rule 26(f) conference. Plaintiffs respectfully submit that their proposed schedule is reasonable based on the nature of the

claims, the expected sources of discovery, and Defendants' prior collection and review of documents relevant to the claims, as well as their consultation with potential witnesses in these cases. For instance, the events at issue in both Plaintiffs' Privacy Act claims have been the subject of extensive FOIA requests that were sent to DOJ in December 2017 and subsequently litigated in a parallel case. *Citizens for Responsibility and Ethics v. U.S. Dep't of Justice*, No. 18-cv-0007 (TSC), 2020 WL 2735570, at *1 (D.D.C. May 26, 2020) (describing DOJ's search for and production of documents in response to FOIA requests for "[a]ll communications concerning the decision to invite reporters to DOJ on December 12, 2017, for the purpose of sharing with them private text messages sent during the 2016 presidential campaign by [Plaintiffs]," as well as "documents reflecting who made the decision to release this material to reporters on the evening of December 12, 2017"). In addition, Defendants filed a pre-discovery motion for summary judgment in Plaintiff Page's case and a pre-discovery motion to dismiss or, in the alternative, motion for summary judgment in Plaintiff Strzok's case, relying on specific documents and witness declarations in each. Thus, Defendants will not be starting from scratch in addressing their discovery obligations in these cases.

Plaintiffs are mindful of the additional complications for discovery posed by the COVID-19 pandemic and remote operating protocols but believe these complications can be navigated, as they are in many other ongoing civil cases, through thoughtful cooperation among the experienced and skilled counsel on both sides of these cases.

  2. *Limitations on Depositions and Interrogatories*

Plaintiffs propose that Plaintiff Strzok and Plaintiff Page, collectively, be permitted to notice up to 20 depositions and to serve up to 50 interrogatories, and that Defendants be permitted to notice up to 20 depositions and to serve up to 50 interrogatories across the two consolidated

cases, with all parties reserving the right to seek to notice additional depositions or to serve additional interrogatories upon consent or with leave of court for good cause shown.

Plaintiffs believe that most of the witnesses to be deposed in these cases will have knowledge relevant to either Plaintiffs' Privacy Act claims or Plaintiff Strzok's constitutional claim, but not to both claims. However, there will likely be witnesses who have knowledge relevant to both claims. In the event a witness has knowledge relevant to both claims, Plaintiffs reserve the right, if necessary, to seek collective examination time exceeding the seven hours provided by Federal Rule of Civil Procedure 30(d).

Plaintiffs submit that the numerical limits on depositions and interrogatories proposed above, and the reservation of potential additional examination time for certain witnesses, are necessary and appropriate to avoid potential prejudice to Plaintiffs from consolidation of these only partly—not fully—overlapping cases for discovery purposes. Plaintiff Strzok asserts two constitutional claims relating to the termination of his employment, in addition to the overlapping Privacy Act claims. If these cases were proceeding individually, Plaintiff Strzok would be entitled to up to ten seven-hour depositions and 25 interrogatories to use as he saw fit on either his constitutional claims or Privacy Act claim, and Plaintiff Page would likewise be entitled to up to ten seven-hour depositions and 25 interrogatories for her sole Privacy Act claim. Curtailing Plaintiffs' rights as Defendants propose would unfairly make each Plaintiff worse off than had they proceeded individually. As Plaintiff Page noted in a prior filing relating to the potential consolidation of these cases, the constitutional claims in Plaintiff Strzok's case "involve[ ] additional potential witnesses and document custodians" and "will require significant fact development . . . in connection with claims that have no overlap with Ms. Page's case." Page Resp. to Defs.' Mot. to Consolidate, ECF No. 46, at 6. While both Plaintiffs agreed to

6

consolidation for discovery purposes, the Court should set the resulting discovery parameters in a way that avoids prejudice to Plaintiffs.

**Defendants' Position**

1. *Time for Completion of Discovery*

As set forth in Defendants' proposed scheduling order, Defendants propose that the period for fact and expert discovery conclude on July 23, 2021. Defendants respectfully submit that their proposed schedule is reasonable and appropriately accounts for the continuing impact of the COVID-19 pandemic on Defendants' operations, particularly those of the FBI. Although the Discovery Units within FBI's Discovery Management Section are no longer closed, they continue to operate under staggered scheduling to prevent transmission of the COVID-19 virus, and the staff within those units are largely unable to work remotely, given that the relevant systems reside on the FBI's classified network. *See* Declaration of Nancy Weigand ¶ 6, ECF No. 22-1. The FBI's Discovery Units and its separate Classification Unit, which reviews documents produced in civil discovery for national security classification purposes, *id.* at ¶ 7, also face a backlog of work in other civil cases resulting from months of closure following the outbreak of the pandemic. A discovery schedule extending until July 23, 2021 would account for those challenges and would move this case forward without unreasonable delay.

Defendants disagree with Plaintiffs that a shorter discovery schedule is warranted based on when these cases were filed. Defendants have responded to Plaintiffs' complaints in the time and manner permitted under the Federal Rules of Civil Procedure and this Court's Local Rules, or as agreed upon by the parties, and Plaintiffs will not be prejudiced by the modestly longer schedule for discovery that Defendants propose. Moreover, the fact that the Department has responded to Freedom of Information Act requests regarding the Department's December 12, 2017 disclosure

7

of Plaintiffs' text messages to the media in *Citizens for Responsibility and Ethics v. U.S. Dep't of Justice*, No. 18-cv-0007 (TSC), does not address the challenges currently facing the FBI, which was not a party to that litigation.

    2.    *Limitations on Depositions and Interrogatories*

Defendants propose that Plaintiff Strzok and Plaintiff Page, collectively, be permitted to notice up to 15 depositions and to serve up to 35 interrogatories, and that Defendants be permitted to notice up to 15 depositions and to serve up to 35 interrogatories across the two consolidated cases. If either side reaches its limit on the number of depositions or interrogatories and believes that additional depositions or interrogatories are needed, that party could ask the Court to revisit the limit.

Defendants' proposed limitations, which increase the numbers of depositions and interrogatories from the standard amounts (for example, 15 depositions rather than 10), reflect that the cases are separate but account for the substantial overlap between Plaintiff Strzok's and Plaintiff Page's Privacy Act claims. Had these two cases proceeded individually, while Plaintiffs would have each been entitled to 10 depositions, they would have likely deposed the same individuals regarding the Department's December 12, 2017 disclosure of the relevant text messages to the news media. Thus, Plaintiffs' proposal of 20 depositions—unlike Defendants' proposal of 15 depositions—fails to account for the overlapping Privacy Act claim and potentially allows Plaintiffs to depose more individuals collectively than if proceeding separately.

> **(9) *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

The parties agree that an ESI protocol governing whether and how to produce ESI in particular circumstances is appropriate. The parties intend to negotiate and adopt a reasonable ESI protocol in due course.

> **(10) *Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.***

The parties agree that the inadvertent-production principles and procedures of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) should apply to these cases. The parties are working to develop a mutually agreeable order for submission to this Court regarding inadvertently produced privileged or protected materials. The parties also agree that if a privilege or trial-preparation protection is asserted as to any information, document, or other material responsive to a proper discovery request, the party asserting the privilege or protection shall specify the legal basis for the assertion in a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5)(A), to be served within 30 days after the assertion.

> **(11) *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.***

The parties' proposals for the timing of expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) and expert depositions are in their attached separate proposed scheduling orders. The parties agree that the remaining requirements of Federal Rule Civil Procedure 26(a)(2) should not be modified at this time.

(12) *In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

The class action provisions of Federal Rule of Civil Procedure 23 are not applicable to these cases.

(13) *Whether trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that discovery should not be bifurcated or managed in phases. Regarding trial, Plaintiffs note that the Court has consolidated these cases for purposes of discovery only. As set forth in the attached proposed order, the parties propose that they submit a joint status report on whether the cases should remain consolidated for purposes of summary judgment or trial within one week of the close of fact and expert discovery.

(14) *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The Court consolidated these cases for purposes of discovery only. If the Court is inclined to schedule the pretrial conference now, the parties separately suggest dates in their attached proposed scheduling orders.

(15) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

In light of the limited consolidation of these cases at this time, the parties agree that trial dates should be set at the pretrial conference.

(16) *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties have no further matters to bring to the Court's attention at this time.

Dated: November 2, 2020

/s/ Aitan D. Goelman
Aitan D. Goelman (D.C. Bar No. 446636)
Christopher R. MacColl (D.C. Bar No. 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com


/s/ Richard A. Salzman
Richard A. Salzman (D.C. Bar No. 422497)
HELLER, HURON, CHERTKOF &
 SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*


/s/ Amy Jeffress
Amy Jeffress (D.C. Bar No. 449258)
Robert J. Katerberg (D.C. Bar No. 466325)
Kaitlin Konkel (D.C. Bar No. 1021109)
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Plaintiff Lisa Page*

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ Bradley P. Humphreys
BRADLEY P. HUMPHREYS
GRACE X. ZHOU
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*

11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK,<br><br>    *Plaintiff*,<br><br> v.<br><br>ATTORNEY GENERAL WILLIAM F. BARR, in his official capacity as Attorney General, *et al.*,<br><br>    *Defendants.* | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br><br>    *Plaintiff*,<br><br> v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>    *Defendants.* | Civil Action No. 19-3675 (TSC) |

## [PLAINTIFFS' PROPOSED] SCHEDULING ORDER

Upon consideration of the parties' Joint Report Pursuant to Local Rule 16.3, it is hereby

ORDERED that the above-captioned cases shall proceed on the following schedule:

| Initial disclosures | Thursday, November 12, 2020 [21 days from Rule 26(f) conference] |
|---|---|
| Rule 26(a)(2) expert disclosures | Friday, March 19, 2021 [8 weeks before close of discovery] |
| Deadline to amend the pleadings or join additional parties | Friday, April 16, 2021 [4 weeks before close of discovery] |
| Close of fact and expert discovery | Friday, May 14, 2021 |

| | |
|---|---|
| Joint status report on whether the cases should remain consolidated for purposes of summary judgment or trial | Friday, May 21, 2021 [one week after close of discovery] |
| Motions for summary judgment | Friday, June 11, 2021 [4 weeks after close of discovery] |
| Responses to motions for summary judgment | Friday, July 9, 2021 [4 weeks after motions due] |
| Replies in support of motions for summary judgment | Friday, August 6, 2021 [4 weeks after oppositions due] |
| Pretrial conference | Friday, November 5, 2021 |
| Trial | To be set at pretrial conference for 30-60 days after that conference. |

The Court consolidated these cases for purposes of discovery only. Following the filing of the parties' joint status report on or before May 21, 2021, the Court shall determine whether the cases will remain consolidated for summary judgment proceedings or trial.

IT IS SO ORDERED this the _____ day of _____, 2020.

_____
AMY BERMAN JACKSON
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK,<br><br>   *Plaintiff*,<br><br>v.<br><br>ATTORNEY GENERAL WILLIAM F. BARR, in his official capacity as Attorney General, *et al.*,<br><br>   *Defendants*. | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br><br>   *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>   *Defendants*. | Civil Action No. 19-3675 (TSC) |

## [DEFENDANTS' PROPOSED] SCHEDULING ORDER

Upon consideration of the parties' Joint Report Pursuant to Local Rule 16.3, it is hereby

ORDERED that the above-captioned cases shall proceed on the following schedule:

| Initial disclosures | Thursday, November 12, 2020 [21 days from Rule 26(f) conference] |
|---|---|
| Deadline to amend the pleadings or join additional parties | Friday, February 25, 2021 [4 months from Rule 26(f) conference] |
| Rule 26(a)(2) expert disclosures | Friday, May 28, 2021 [8 weeks before close of discovery] |
| Close of fact and expert discovery | Friday, July 23, 2021 |

| | |
|---|---|
| Joint status report on whether the cases should remain consolidated for purposes of summary judgment or trial | Friday, July 30, 2021 [one week after close of discovery] |
| Defendants' motion for summary judgment | Friday, August 20, 2021 [4 weeks after close of discovery] |
| Plaintiffs' responses to Defendants' motion and cross-motions for summary judgment, if any | Friday, September 17, 2021 [4 weeks after Defendants' motion due] |
| Defendants' reply in support of motion for summary judgment and in opposition to Plaintiffs' cross-motions for summary judgment, if any | Friday, October 15, 2021 [4 weeks after Plaintiffs' motions and oppositions due] |
| Plaintiffs' replies in support of cross-motions for summary judgment, if any | Friday, November 12, 2021 [4 weeks after Defendants' reply and opposition due] |
| Pretrial conference | Friday, January 28, 2022 |
| Trial | To be set at pretrial conference for 30-60 days after that conference. |

The Court consolidated these cases for purposes of discovery only. Following the filing of the parties' joint status report on or before July 30, 2021, the Court shall determine whether the cases will remain consolidated for summary judgment proceedings or trial.

IT IS SO ORDERED this the _____ day of _____, 2020.

_____
AMY BERMAN JACKSON
United States District Judge